## IN RE LAST WILL OF JONAH HOLLINGSWORTH.

1. **Bill of Exceptions:** ABSTRACT: EVIDENCE. Statements of the abstract considered and held to show that a bill of exceptions was duly signed and that the abstract was made therefrom.

2. **Will:** UNDER INFLUENCE: EVIDENCE OF. *Held*, that certain evidence, as to what decedent said shortly before his death, with reference to his children and his will, and as to what was said and done by the person who had the custody of the will, and in whose favor it was drawn, should have been admitted, as bearing upon the question of fraud and undue influence.

*Appeal from Harrison Circuit Court.*

FRIDAY, JUNE 9.

At the March term of the Harrison Circuit Court there was presented for probate an instrument purporting to be the last will of J. W. Hollingsworth, as follows: "I hereby devise and bequeath all my property and effects of whatsoever kind or class to the following named persons, and as follows, to-wit: A house and lot situated on lot 5, in block 5, in the town of River Sioux, and all my personal effects of every class and description, including monies, notes, mortgages, judgments and securities, now held by me and due me, or to become due, and held in my own right, to Amandy Marsh, Parker Condit, of the County of Harrison and State of Iowa, that the said Amandy Marsh, Parker S. Condit, shall be to all burial expenses, and pay in full all funeral expenses the remainder to be disposed of as the said Amandy Marsh, Parker S. Condit may direct. I hereby appoint and select Parker Condit, of Harrison County, and State of Iowa, as my executor to faithfully carry out the provisions of this my last will and testament. His services as executor to be paid out of the property devised. Luella Hollingsworth, daughter and heir at law of the decedent, objected to the admission of the will to probate upon the ground,

amongst others that it was obtained by fraud and undue influence. At the request of contestant a jury was impaneled to try the cause. Pending the trial the court withdrew the cause from the jury, and rendered judgment admitting the will to probate. The contestant appeals.

*S. H. Cochrane,* for appellant.

No argument for the proponent.

DAY, J.—I. The proponent filed a motion to strike out all the evidence from the abstract and affirm the judgment, on the ground that the evidence is not preserved by any proper bill of exceptions, and the abstract does not purport to give an abstract of any proper bill of exceptions. This motion was submitted with the cause. The abstract contains the following statement: "Twenty days from the 24th day of March, 1881, was given by court and opposite counsel to present and file bill of exceptions; which bill of exceptions embodying and containing all the evidence offered and introduced and all the proceedings had upon the trial, was by the judge signed on the 7th day of April, 1881, and duly filed with the clerk on said day. The foregoing abstract contains all the evidence offered or received upon the trial of said cause, as well as the rulings of the court and objections and exceptions of counsel." It does appear that a bill of exceptions was duly signed, and that the abstract was made therefrom. The motion is overruled.

II. The subscribing witnesses to the will are Pendleton Hubbard and Philetus Parks. Hubbard testified that at the time the will was signed no one read it over; that he and Parks and Condit were the only persons present; that Condit presented the will to decedent, and took it after it was executed, and that the will was written by Secoy. Parks testified that at the time the will was signed Condit requested all the others to go out of the room. It is

not shown that Condit was in any way related to the decedent, but it does appear that he was in his room most of the time during his last sickness. Condit testified that his own name and that of Amandy Marsh were written in the will by himself at the request of the decedent. The contestant produced several witnesses and proposed to prove by them what the decedent, a short time before his death, said and did with reference to his children and calling for his will; that deceased demanded his will, and Condit stated that he was crazy, and to pay no attention to him. This testimony was rejected. We think it should have been admitted. The facts that Condit's name was written in the will by himself and that he took charge of the will immediately upon its execution, and that the will was not read by the subscribing witnesses, nor to the decedent in their presence, are of themselves, to say the least, somewhat suspicious. If Condit refused to produce the will, when requested to do so by the decedent, this fact would have some bearing upon the question whether he procured the devise to himself by fraud or undue influence. The declarations of the decedent also, respecting his children, might show whether the provisions of the will were in accordance with his purposes, and thus bear upon the question of fraud and undue influence

REVERSED.