Bates v. Bates et al.

---

## BATES v. BATES *et al.*

1. Amendment: PLEADING. The allowance of an amendment, after one trial has been had, withdrawing the denial of the due execution and attestation of a will in a case in which its validity was contested on the ground of the mental weakness and undue influence of the testator, and thereupon giving the affirmative of the issue, and the right of opening and closing the case to the contestants, was held not erroneous.

2. Will: DECLARATIONS OF TESTATOR: WHEN ADMISSIBLE. While the declarations of a testator are not competent evidence to show a revocation of a will admitted to have been once valid, nor to impeach the validity of a will for duress, or on account of some fraud or imposition practiced upon the testator, or for some other cause not involving his mental condition, such declarations, whether made before or after the making of the will, are competent, in connection with other testimony, to show the *mental incapacity of the testator, or that the will was procured by undue influence.*

3. —— MENTAL WEAKNESS AND UNDUE INFLUENCE. There are other conditions of the mind less than absolute imbecility or unsoundness which may materially affect the validity of the will; and though mental weakness of the testator is not of itself sufficient to invalidate the will, yet if followed by proof of circumstances showing undue influence, this will render it void.

4. —— IMBECILITY OF TESTATOR. A person incapable of exercising judgment, reason and deliberation, of weighing the consequences of his will and its effects to a reasonable degree upon his estate and family, is incompetent to make a will.

5. —— When the provisions of a will are unreasonable and extraordinary, the fact of mental weakness of the testator will be considered in determining the question of validity of the will, especially if undue influence is actually proved, or the relation of the parties and other circumstances are such as to reasonably warrant the presumption of undue influence.

6. New trial: CONFLICTING EVIDENCE. The action of the District Court in overruling a motion for a new trial will not be disturbed where the evidence is conflicting and nicely balanced.

*Appeal from Story District Court.*

WEDNESDAY, APRIL 21.

WILL CASE.—Joseph Bates, Sr., when aged about eighty years, made a will in due form, properly witnessed. He was at the time living with his second wife, the plaintiff, whom he appointed his executrix, and by whom he had three children still living. He had eight children by his first wife, four of whom were living at his death; the

others had died before him, each leaving children surviving. By the will in controversy, he gave all his property, amounting to about $15,000, to his wife, the plaintiff, and her three children, except certain specified sums from one dollar to $100, which he bequeathed to each of his surviving children and grandchildren. After the decease of Joseph Bates, Sr., the plaintiff presented the will to the County Court for probate. The children by the first wife appeared there and contested the will, denying its due execution, and averring the insanity of the testator, and also that the will was procured by the undue influence of the plaintiff over the testator, and her control of him. The County Court adjudged the paper to be the true and valid will of Joseph Bates, Sr., deceased. From this judgment the contestants appealed to the District Court, and upon trial there had before a jury, a verdict and judgment were obtained against the validity of the will. From such judgment the plaintiff appeals to this court. The further facts are stated in the opinion.

*Boardman & Brown* for the appellant.

*John Porter* and *Withrow & Wright* for the appellees.

Cole, J. — I. After the cause was taken by appeal to the District Court, and there had been one mistrial by disagreement of jury, the contestants asked for and obtained leave to amend their answer.

1. AMENDMENT: pleading.

The amendment was accordingly made, and consisted in withdrawing the denial of the due execution and attestation of the will. Thereupon, at the commencement of the second trial, the contestants claimed that they had the affirmative of the issues, and were entitled to the opening and closing of the cause. The court so held. This holding and the allowing of the amendment are assigned as errors. They were both questions largely within

the discretion of the District Court, and there was clearly no abuse of sound discretion in the action of that court. Hence we cannot reverse for these assigned errors. See *Preston* v. *Walker*, 26 Iowa, 205, and cases cited; *Brockman* v. *Berryhill*, 16 id. 183, and authorities cited. The rule in the trial of issues upon the validity of a will is not different in these particulars from the trial of any other issues. By the withdrawal of the denial and the admission of record of the due execution and attestation of the will, the right of the plaintiff to judgment in her favor was clear, if no proof had been offered, and the jury were substantially so instructed. It was not necessary for the contestants to admit the paper to be *the will* of Joseph Bates, Sr., that was the question to be tried, and of which, under their admission, they had the burden of proof.

II. During the progress of the trial several witnesses, introduced by the contestants, testified against the objec-

2. WILL: declarations of testator: when admissible.
tions of the plaintiff to conversations had by them with the testator, both before and after the execution of the will, to the effect that he was obliged to make the will in order to have peace in his family, and that the will was not his own but was made to suit his wife, etc., etc. It is now claimed that it was error to admit the evidence of the declarations of the testator to invalidate the will made in writing, in due form and properly attested.

The authorities upon this question are not in harmony. Indeed, the conflict is apparently irreconcilable. The question was thoroughly examined and discussed and the authorities critically reviewed, by Mr. Justice SELDEN, in the case of *Waterman* v. *Whitney*, in the Court of Appeals of New York. See 11 N. Y. (1 Kern.) 157. It is there *held* that the declarations of a testator are not competent evidence to show a revocation of a will admitted

to have been once valid; nor to impeach the validity of a will for duress, or on account of some fraud or imposition practiced upon the testator, or for some other cause not involving his mental condition. But such declarations of the testator, whether made before or after the making of the will, are competent evidence *to show the mental incapacity of the testator, or that the will was procured by undue influence.* We are content to follow this case so far as it is applicable to the point now under consideration. Nor do we deem it necessary to here review the authorities. Under the rule as laid down in that case and here followed, there was no error in admitting the testimony complained of. It was claimed, and evidence was given tending to show, that the testator's mind and faculties were impaired by reason of his advanced age, and a material issue was as to the undue influence of the plaintiff over the testator in the making of the will; and upon this question there was other important and substantive testimony besides the declarations proved. These declarations were competent to be received and considered in connection with the substantive facts tending to establish the same issue, also shown in evidence in the case.

III. The instructions are quite numerous and extended; so much so as to preclude the copying of them into this opinion. We will notice only the objections most relied upon in argument. The foregoing ruling as to the admissibility of the declarations of the testator in evidence disposes of the several instructions asked by plaintiff and refused by the court, as well as those given, upon the basis of the competency of such evidence, and they require no further notice.

3. —— mental weakness and undue influence.

The court instructed the jury that (1) "persons of full age and sound mind may make a valid will. (2) A will proven or admitted to have been executed and attested,

as prescribed by law, will be presumed to have been made by a person of sound mind; but, if testimony is shown which counterbalances that presumption, the party seeking to support such will must establish by affirmative evidence that the testator was of sound mind when he executed the will. (3) The law regards certain degrees or conditions of the mind as materially affecting the validity of a will, much less than absolute imbecility or incompetency."

The last paragraph is the one to which the objection is most strongly made. The claim is made that the law does not regard any thing short of absolute imbecility or incompetency as materially affecting the validity of a will. Let us look at the instruction, as a whole, for a moment. The court first tells the jury who may make a will; then as to the presumptions of law as to sanity, and when the burden of proof changes; and then, in order to prepare their minds for what follows, the court tells the jury that the law regards other conditions of the mind than absolute unsoundness; that such conditions may materially affect the validity of a will; that is to say, nothing short of absolute imbecility or incompetency will make a will void; but if the testator had a weak mind, so as to be easily imposed upon and unduly influenced, that this was, in the regard of the law, a material fact going to affect the validity of the will. Thus the jury were prepared for a following instruction to the effect that mental weakness of itself would not invalidate a will; but, if followed by proof of circumstances showing undue influence, the will would be void. There was no error in the instruction as given, under the circumstances of the case and in the connection it was given.

The fourth instruction is complained of as being too broad. It is as follows: "A party competent to make a

4. —— imbe-
cility of testa-
tor.

valid will should possess a mind capable of exercising judgment, reason and deliberation — a mind capable of weighing the consequences of his will and its effects to a reasonable degree upon his estate and family ; and all persons devoid of such reason are incompetent to make a valid will." While the language of this instruction is not identical with that of any other called to our attention, it nevertheless expresses the same principle as has been often approved by courts. See Lord C. B. EYRE's langauge in *Mountain* v. *Bennett,* 1 Cox, 355. Lord COKE's, in *Marquis of Winchester's Case,* 3 Rep. 1. See also *Delafield* v. *Parish,* 25 N. Y. 9, and authorities there cited.

It is also objected that the fifth instruction directs the jury that they may infer undue influence from the relation of the parties, or other circumstances, and is, therefore, clearly bad. The instruction itself will show the error of this criticism. It is as follows : "While mental weakness of itself may not be sufficient to invalidate a will, it is a circumstance of great importance in deter mining the effect and influence of other circumstances, and, when connected with other circumstances of impeaching character, will have great weight. And where the provisions of a will are unreasonable and extraordinary, the fact of mental weakness will be considered, particularly if undue influence is actually proved, or the relation of the parties, and other circumstances, are such as reasonably to warrant the presumption of undue influence.

Without copying other instructions, or commenting upon them, in answer to the objections and criticisms urged against them, we may say that we have carefully examined each and every of them in connection with the argument of appellant's counsel thereon, and find that the law has been very fairly and fully given to the jury upon the whole case.

IV. The verdict of the jury is assailed as being contrary to the evidence. A motion to set the same aside 5. NEW TRIAL: ;was overruled by the District Court. We conflicting evidence. have examined the evidence with care. It is conflicting. The testimony on either side, in the absence of that on the other, would support a verdict. Under such circumstances an appellate court will not interfere.

Affirmed.