Dye v. Young.

Dye et at v. Young et al.

1. **Will:** EVIDENCE: UNDUE INFLUENCE. Where undue influence is alleged in procuring the execution of a will while the testator was incapacitated by reason of sickness, statements of the testator made a considerable time prior to the execution of the will, to the effect that he intended to make such disposition of his property as was done by the will, are admissible.

2. ———: ———: DECLARATIONS OF LEGATEE. The declarations of a legatee under a will are not admissible to impeach the validity of the will in an action to which other legatees are not parties.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 18.

A PAPER purporting to be the last will and testament of Joseph Dye, deceased, was presented to the Linn Circuit Court for probate. Mary A. Logan and Lucinda D. Young, children, and Warren H. Smith, a grand-child, of Joseph Dye, objected to the admission of the instrument to probate, on the ground that it was procured by undue influence of interested persons, and that Joseph Dye, at the time of the execution of the instrument, was not of sound mind and memory. The question was submitted to a jury, and the following special verdict was returned:

"1st. Was Joseph Dye, at the time of the execution of the paper purporting to be his last will and testament, of sound mind and memory, sufficient for the transaction of business requiring thought and deliberation?

"We, the jury, say yes.

"2. Was the execution of said instrument procured by the undue influence of other persons?

"We, the jury, say no.

"3d. Was the will signed by the deceased, Joseph Dye, after it was written and read over to him, and witnessed by

Vol. LV—28

Edward Knowlton and E. P. Taylor writing their names as witnesses thereto?

"We, the jury, say yes.

"4th. Was the deceased, Joseph Dye, of sound mind at the time he signed the will before you?

"We, the jury, say yes."

The contestants moved the court to set aside this verdict. The court overruled the motion and ordered that the will be admitted to probate as valid and legal. The contestants appeal.

*J. B. Young*, for the contestants.

*J. C. Davis*, for the proponents.

DAY, J.—I. Joseph Dye, at the time of his death, was seventy-one years old. The will was executed on the day

1. WILL: evi-
dence: un-
due influence.

before he died, when he was physically very weak and suffering great pain from his disease, which was an affection of the lungs. The will bequeaths the home farm, consisting of two hundred acres, to Miranda Dye, his second wife, and to his two sons, Frank and Charles, who are minors. It gives to his two married daughters, Lucinda Young and Mary Logan, $400 each; to Cynthia G. Logan, $200; to George and Harlan Smith, and the heirs at law of William Dickens, his grand-children, $100 each. Against the objection of contestants, one E. P. Taylor was permitted to testify to a conversation which he had with Joseph Dye about eighteen months before his death, as follows: "I am getting to be an old man, and I have never made any disposition of my property yet. I mean to do it soon. I want to provide liberally for my wife and two younger children, as I have done something for the older children; I want to do something more than make matters even. My two younger children are weakly." The witness was also permitted to testify to a conversation, substantially the same, with Joseph Dye about twelve months before he died.

One Aaron Taylor, Joseph Dye's hired hand, was permitted, against the objection of contestants, to testify as follows: "I heard him talk about the matter at different times. He told me he intended to have his will made in time, or there would be no peace after his death. He said he did not calculate to give the older children so much as the rest; he had helped them some time ago." The admission of this evidence is assigned as error. Under the circumstances we think it was not improperly admitted. One of the objections to the probate of the will is that it was procured by undue influence of interested parties. The inequality in the bequests is a circumstance which would, probably, in the minds of the jury, bear upon this question. The fact that the testator when in health, and long before the will was executed, and when he was not probably under the influence of other persons, expressed an intention to discriminate in the manner he has done, tends to remove any presumption which might arise against the validity of the will, from the fact of such discrimination. In *Stevens v. Van Cleave*, 4 Washington, C. C., 265, cited by the appellant, the plaintiff's counsel disclaimed any intention of imputing fraud to the defendant. This was a controlling point in the case. The other authorities cited are distinguishable from the case at bar.

II. It is next objected that the court erred in permitting the alleged will to be read as evidence to the jury. There is no assignment of error covering this objection, and it, therefore, cannot be considered.

III. The contestants sought to prove a declaration of Mrs. Miranda Dye on the morning after the will was executed, 2. ——: ——: as follows: "His mind is wandering. It has declarations: legatee. wandered a great deal during his sickness." The testimony was rejected. The appellants insist it was proper evidence, because it is the admission of a party, and for the reason that it would contradict her testimony on that point.

1. A declaration of Mrs. Dye after the execution of the will is not admissible to impeach it. There are several leg-

atees who do not contest the will, and who are not parties to this proceeding.    Under such circumstances a declaration of one legatee is not admissible to impeach the will.    *In matter of Will of Mary Ames*, 51 Iowa, 596.

2.    The testimony was not admissible to impeach Mrs. Dye.    Her attention was not directed to the time, place and circumstances of the declaration offered.

IV.    The point mainly relied upon is that the verdict is not supported by the testimony.    The two attesting witnesses, and three other persons who were present when the will was made, all testify that Joseph Dye's mind was clear, and that he seemed fully to comprehend what he was doing.    One of these witnesses testifies to all the circumstances in great detail, showing that the testator, whilst physically weak and in great pain, was fully possessed of his mental faculties.    The opposing testimony is mainly of experts based upon hypothetical questions framed from the testimony of the contestants and other interested witnesses as to his condition on the day of his death, the day after the will was executed.    We think that the testimony not only warrants the verdict, but that it is supported by the clear preponderance of the testimony.

V.    The proponents, as an amended abstract, have printed entire the reporter's notes of the evidence with question and answer, and remarks of court and counsel, embracing one hundred and thirty-six pages.    It was altogether unnecessary; it entails upon us additional labor, and upon the parties additional expense.    The contestants move that the costs of this amended abstract be taxed to proponents.    We order that this be done.

                                        AFFIRMED.