Parsons et al. v. Parsons et al.

---

PARSONS ET AL v. PARSONS ET AL.

1. **Will**: SANITY OF TESTATOR: EVIDENCE: COMPETENCY OF SUBSCRIBING WITNESS. A subscribing witness to a will may testify as to the sanity of the testator, without being called as an expert.

2. **Evidence**: PERSONAL TRANSACTIONS WITH ONE DECEASED: WHAT ARE NOT. A party resisting the probate of a will may testify to the conduct of the legatees in the will toward the testator. Such testimony does not relate to personal transactions between the witness and the testator.

3. **Practice in Supreme Court**: OBJECTIONS NOT ARGUED NOT CONSIDERED. If counsel are unable, or do not see proper, to give any reasons in support of a stated proposition, this court cannot undertake to perform such duty for them, and the proposition will not be considered.

4. **Will**: CONDUCT OF TESTATOR: EVIDENCE OF NON-EXPERT. That a testator acted strangely, or in a childish manner, is a fact, which any witness, though not an expert, may testify to.

5. **Evidence**: MOTION TO STRIKE OUT WHOLE WHERE PART IS GOOD. A motion to strike out all the evidence on a certain point was properly overruled, where a part of the evidence was admissible.

6. **Will**: UNDUE INFLUENCE: EVIDENCE: SUBSEQUENT DECLARATIONS OF TESTATOR. Evidence of the declarations of a testator, made subsequent to the execution of his will, to the effect that if he had it to

Parsons et al. v. Parsons et al.

do over again he would make a different distribution of his property, *held* admissible upon the question of undue influence. *In re Will of Hollingsworth*, 58 Iowa, 526, followed.

7. ———: SANITY OF TESTATOR: EVIDENCE: RULE AS TO NON-EXPERTS. On the question of sanity, the rule as to non-experts is that, after the witness has stated facts and circumstances, he may give his opinion as derived from and based on such facts and circumstances; but he may not be permitted to express an opinion without stating the facts and circumstances on which it is based. *Pelamourges v. Clark*, 9 Iowa, 1, and subsequent cases, followed.

8. ———: PROBATE OF: EVIDENCE: DECLARATIONS OF CONTESTANT. The declarations of a contestant of the probate of a will cannot be introduced in evidence by or on behalf of the legatees. Compare *Will of Ames*, 51 Iowa, 596, and *Dyer v. Young*, 55 Id., 433.

9. **Practice in Supreme Court:** ERROR MUST AFFIRMATIVELY APPEAR. This court cannot say that there was error in refusing to submit certain interrogatories to the jury, when the record fails to show that they were first submitted to opposing counsel, as required by § 2808 of the Code.

10. ———: INSTRUCTIONS: INSUFFICIENT EXCEPTIONS TO. The instructions not having been excepted to when given, and the exceptions set out in the motion for a new trial not being sufficiently specific, (Code, § 2789,) they are not reviewed by this court.

11. ———: ———: REVIEW OF: EVIDENCE NECESSARY: ABSTRACT DEFECTIVE. Instructions which cannot properly be reviewed without the evidence will not be reviewed by this court, where the abstract does not purport to contain all the evidence.

12. ———: ABSTRACT OF EVIDENCE: "THE EVIDENCE" NOT EQUIVALENT TO "ALL THE EVIDENCE." An abstract which purports to contain "the evidence" cannot be said to claim to contain *all* the evidence.

13. ———: REHEARING: NO AMENDMENT OF THE RECORD. A rehearing must be had upon the record as it was when the cause was submitted, and amendments made subsequent to the submission cannot be considered on the rehearing.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, SEPTEMBER 24.

WHAT purported to be the last will of John R. Parsons was filed in the circuit court, and plaintiffs, as proponents, asked that the same be established and admitted to probate. The

defendants, as contestants, objected to the admission of the proposed will to probate. They admitted that it had been duly executed, but pleaded that the testator "was not of sound and disposing mind and memory at the time of the execution of said will, and that undue control and influence over him were used by John J. Parsons and his wife Mary, and Baldwin Parsons and his wife Mary, in procuring the the execution of said will." Trial by jury; verdict and judgment for the defendants. The plaintiffs appeal.

*D. P. Stubbs*, for appellants.

*J. D. Jones* and *Leggett & McKemey*, for appellee.

SEEVERS, J.—I. One of the subscribing witnesses to the will was introduced as a witness by the defendants, and was asked to state the condition of the testator's "mind at the time the will was executed; whether sound or not." This question was objected to on the ground that the witness could not give an opinion as to the sanity of the testator. The objection was overruled. The objection made in the district court is renewed here, and it is insisted that the witness was not introduced as an expert, and, therefore, could only testify to facts. In support of this proposition *Pelamourges v. Clark*, 9 Iowa, 1, and *Rice v. Rice*, 50 Mich., 448; S. C., 15 N. W. Rep., 545, are cited. Neither of these cases is applicable. It is elementary that a subscribing witness to a will can state whether the testator was sane at the time the will was executed. 1 Greenl. Ev., § 440.

*1 WILL: sanity of testator: evidence: competency of subscribing witness.*

II. Robert E. Parsons was one of the defendants, and when on the stand as a witness was asked to state the conduct of James and Baldwin Parsons to their father, and in what manner they treated him. This question was objected to, and the objection overruled. It is insisted that the question sought to elicit from the witness evidence in relation to a personal

*2. EVIDENCE: personal transactions with one deceased: what are not.*

transaction between the witness and the deceased. This we do not understand to be so. The object, evidently, was to show the acts and conduct of the legatees in the will toward the testator. This does not constitute a personal transaction between the witness and the testator, and why it should be claimed so by counsel we cannot imagine. Objections were made to the introduction of certain evidence, which were overruled. These objections are renewed, but no reasons are adduced in their support. They will not be considered.

3. PRACTICE in supreme court: objections not argued not considered. If counsel are unable, or do not see proper, to give any reasons whatever in support of a stated proposition, we cannot undertake to perform such duty for them. Such is not our duty as we understand it. *Kinser v. Farmers' Bank*, 58 Iowa, 728; *Smith v. Hickenbottom*, 57 Id., 733.

III. A witness was asked to describe the conduct of the testator, and the witness answered: "He acted strange. He 4. WILL: conduct of testator: evidence of non-expert. acted in a way I never saw him before." And the witness also testified: "Well, his mind was weak from this on, and he was childish all summer." The plaintiffs moved to strike out this evidence because incompetent, and because relating to personal transactions between the witness and the testator. This motion was overruled. The last objection is not insisted upon. But it is said that a " non-expert witness cannot give an opinion, unless the facts on which it is based are first given to the jury, and the opinion is based on such facts." We think evidence that a person acted strangely or in a childish manner are facts, and may be testified to by any one. *Smith v. Hickenbottom*, 57 Iowa, 733. Whether a non-expert can 5. EVIDENCE: motion to strike out whole where part is good. testify that the mind of another is weak we have no occasion to determine, because the motion was to strike out all of the evidence above set out, and was therefore correctly overruled, because at least a portion of it was admissible.

IV. A witness was permitted to testify that the deceased

said to her: "If it was to do over again I would make an equal division of my property." To this evidence the plaintiffs objected because—*First*, the declaration was made by the testator three weeks after the will was executed, and, *second*, that the evidence was irrelevant and incompetent. The objections were overruled. We think the evidence was admissible, and it has been in substance so held. *In re Will of Hollingsworth*, 58 Iowa, 526; *Waterman v. Whitney*, 11 N. Y., 157; and *Shailer v. Bumstead*, 99 Mass., 112. In the last case, the grounds upon which the admissibility in evidence of the declarations of the testator, made subsequent to the execution of the will, are stated at length. It is not necessary to restate them here.

*6. WILL: undue influence: evidence: subsequent declarations of testator.*

V. What has been said sufficiently indicates that we think no error was committed in admitting certain evidence of Hannah Parsons and Lewis Rizor that was objected to. The defendants propounded certain questions to the legatees named in the will, or some of them, on cross-examination, which were evidently designed to lay the foundation for impeaching them as witnesses, by showing that they had made contradictory statements to others out of court. The legatees, when on the stand as witnesses, denied that they had made the statements imputed to them, and therefore the plaintiffs were in no manner prejudiced by the questions asked. Afterwards defendants introduced evidence showing that said witnesses had made statements which were not in accord with their evidence. This evidence was objected to, because it was not proper in rebuttal, irrelevant and incompetent. If the real objection was that no proper foundation had been laid, we think it should have been stated. The objection now urged is that the impeaching evidence was improper, on the ground that the cross-examination was improper, because it was not in relation to matters the witnesses had testified to in chief. We have examined the evidence with care, and conclude that in this respect counsel is mis-

taken. We think the impeaching evidence is clearly competent.

VI. The plaintiffs asked a witness this question: "Now Mrs. Parsons, from what you heard father Parsons say to other members of the family, and from what you observed there that morning, what do you think as to the condition of his mind that morning?" The defendants objected to this question, and the objection was sustained. There was no pretense that this witness was an expert, competent to give an opinion as to the mental condition of the testator. The rule as to non-experts we understand to be that, after the witness has stated facts and circumstances, then his opinion, derived from and based upon such facts, may be given. *Pelamourges v. Clark*, 9 Iowa, 1; *State v. Huxford*, 47 Id., 16. It will be observed that the question asked was not confined to facts to which the witness had testified, and, her opinion, based thereon, asked, but she was asked to state what her opinion was, based on her own observations and what she had heard the testator say. The witness was permitted to exercise her discretion as to what facts and circumstances she should take into consideration. In excluding the evidence the court did not err. *Ashcraft v. De Armond*, 44 Iowa, 229; *State v. Stickley*, 41 Id., 232; *Rice v. Rice*, 50 Mich., 448; S. C., 15 N. W. Rep., 545.

*[margin note: 7. ——: sanity of testator: evidence: rule as to non-experts.]*

VII. The plaintiffs sought to prove the declarations of one of the contestants in relation to the will. This evidence was objected to and the objection sustained. It has been held that a contestant cannot be permitted to introduce in evidence the declarations of one of the legatees. *In re Will of Mary Ames*, 51 Iowa, 596; *Dye v. Young*, 55 Id., 433. For the same reasons we do not think the declarations of one of the contestants can be introduced in evidence by or in behalf of the legatees.

*[margin note: 8. ——: probate of: evidence: declarations of contestant.]*

VIII. It is said the court erred in refusing to submit certain interrogatories to the jury. The abstract fails to state

9. PRACTICE in supreme court: error must affirmatively appear. that the questions were submitted to counsel for the defendants as required by section 2808 of the Code.

IX. The fourth and tenth instructions were objected to. Both of these instructions are lengthy. We do not deem it necessary to set them out, deeming it sufficient to say that we think them correct. The objections are mere criticisms, and even these are not specifically urged by counsel. It is said the court erred in giving certain instructions at the request of the defendants. No exception was taken at the time to the giving of these instructions. In a motion for a new trial, it was stated that the court erred in giving instructions,—in giving No. 1 asked by contestants. The court erred in giving the second instruction asked by the contestants, and the same thing is stated in relation to the third and fourth instructions. The ground of the objections should have been stated. Code, § 2789. It is lastly objected, but not specially urged, that the verdict is not sustained by the evidence. We think it is.

10. ——: instructions: insufficient exceptions to.

AFFIRMED.

### ON REHEARING.

ADAMS, J.—We have examined this case in the light of the petition for rehearing and the oral argument by which it was supplemented, and have to say that we reach the conclusion that the former opinion should be adhered to. A minority of the court, including the writer, have a strong doubt as to the correctness of the fourth division of the opinion, respecting the admissibility of the testator's declaration made after the execution of the will. We do not doubt that evidence of subsequent declarations is sometimes admissible. It seems to be well settled that it is, where it tends to show that the testator never understood the contents of the will, or that he lacked testamentary capacity when he made it, or where, in connection with direct evidence of undue influence, the

evidence of subsequent declarations is introduced to show, and tends to show, such mental weakness as rendered the testator susceptible to undue influence. Our doubt is as to whether the evidence is of this character. But, as the declaration is a peculiar one, and the precise question will not probably arise again, and as the plaintiffs, in their petition for a rehearing, do not complain of the admission of this evidence, we have not felt called upon to make a more extended examination of the question, or to say more about it than we have said above.

The petition for a rehearing is based upon alleged errors in the giving of instructions. These alleged errors were briefly disposed of in the ninth division of the opinion. In the petition for rehearing, and in the oral argument accompanying it, the mode in which the alleged errors were disposed of has been criticised with great freedom. Ordinarily we do not dispose of alleged errors as briefly. But the mode in which this case was presented was a remarkable one. The assigned errors are numbered as high as twenty-nine, and several of the assignments embrace numerous alleged errors. We will set out as a specimen two of them. The twenty-fourth assigned error is in these words: "The court erred in giving as a whole the instructions given on its own motion. Erred in giving Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11." The twenty-eighth assigned error is in these words: "The court erred in giving instructions asked by the contestants, and in withholding and refusing instructions 1, 2, 3, 4, 6 and 7, as asked by proponents." How many alleged errors are embraced in the entire assignment it is not easy to say, but they appear to be between fifty and sixty. The appellants, original abstract contains over 100 pages, and even that seems to have been regarded by them as incomplete and insufficient to make a proper presentation of the case, for they filed an additional abstract after the case was submitted and decided. The counsel for the respective parties are widely at variance as to what the original abstract shows and as to what the

record contains. The appellants' argument sheds but little light on many of the questions involved. If the opinion is too brief, we think that some excuse is to be found in the waste of time suffered in the quagmire of unnecessary difficulties into which the counsel plunged us.

The rehearing was granted for the purpose of reviewing certain instructions, especially the fourth and tenth. But we are met upon the threshold by an objection by the appellees that the instructions in question are not subject to review. The objection is based upon the ground that the instructions are of such a character that we cannot review them without all the evidence, and that the abstract does not purport to contain all the evidence. We thought upon the original hearing that the instructions were correct, and so said in a general way, without setting out the instructions. If we should now be of the opinion that they are incorrect, we could not reverse, if the appellees' objection is well taken, and we have to say that it appears to us that it is.

11. ——: ——: review of: evidence necessary: abstract defective.

The abstract purports to contain *the* evidence. It is insisted by the appellants that the words " the evidence " are equivalent to the words " all the evidence." But we have never so held, and we do not think that we should be justified in doing so. The object of the statement is to serve as a notification of what the appellant claims, and the word " all " has an important use. If it has no significance in such a place it might as well be dropped from the language as superfluous.

12. ——: abstract of evidence: "the evidence" not equivalent to "all the evidence."

As to other instructions, it is said in the opinion that they were not properly excepted to, the exception being taken in a motion for a new trial, and not sufficiently explicit. The appellants contend that the exceptions were taken at the time the instructions were given, and are sufficient, though general. Possibly the original abstract may purport to show that the instructions

13. ——: rehearing: no amendment of the record.

Parsons et al. v. Parsons et al.

were excepted to at the time they were given; but, if so, it is because the exceptions purport to be contained in a bill of exceptions, and the appellees deny the bill of exceptions, and upon such denial the case was submitted. After the case was decided the appellants filed a transcript and additional abstract as rebutting the appellees' denial. But we must take the record as it was at the time of submission.

AFFIRMED.