## MUIR, ADM'R, v. MILLER.

1. **Appeal**; PRACTICE: QUESTIONS WHICH BECOME IMMATERIAL. Where questions involved in an appeal become immaterial, on account of the method in which the appeal is disposed of, they will not be considered. (See opinion for illustration.)

2. ———: ———: INSTRUCTIONS SUPPORTED BY EVIDENCE: PRESUMPTION. An appellant who fails to bring the evidence before this court cannot be heard to complain that the instructions were not supported by the evidence; for it will be presumed that there was evidence supporting the instructions, unless the contrary is shown.

3. **Fraud**: UNDUE INFLUENCE: FACTS NOT ESTABLISHING: INSTRUCTION. Upon the question whether plaintiff's intestate was induced by undue

| | |
|---|---|
| 72 | 585 |
| 93 | 604 |
| 94 | 345 |
| 72 | 585 |
| s103 | 130 |
| 72 | 585 |
| 115 | 243 |
| 115 | 434 |
| 72 | 585 |
| 117 | 418 |
| 72 | 585 |
| 122 | 429 |
| 72 | 585 |
| 128 | 623 |
| 72 | 585 |
| f132 | 571 |
| 72 | 585 |
| 136 | 120 |
| 72 | 585 |
| 140 | 62 |

influence to make a division of his property among his children and grandchildren, whereby defendant wrongfully received a share, the court instructed the jury that they might consider whether the division was reasonable under the circumstances; and whether it was consistent with his previous declarations of his intentions; and that they might consider his age and physical condition at the time of the transaction, (apart from the condition of his memory and other faculties), and might also consider his relation to the defendant ( who was his child). *Held* that in all these respects the instruction was erroneous; and that the error in the first respect was not cured by a closing admonition to the jury that they would not be justified in finding undue influence from the mere fact that the division was such as they might deem unreasonable, or unjust to some of the heirs.

*Appeal from Van Buren Circuit Court.*

THURSDAY, OCTOBER 13.

ACTION at law to recover for money and securities wrongfully obtained by defendant from plaintiff's intestate during his life-time, through persuasion and undue influence, and by taking advantage of his incapacity.   There was a judgment upon a verdict for plaintiff.   Defendant appeals.

*Sloan, Work & Brown* and *Craig, McCrary & Craig*, for appellant.

*Wherry & Walker* and *D. C. Beaman*, for appellee.

BECK, J.—I.   Plaintiff alleges in his petition that he is the administrator of Samuel J. Miller, deceased, and states his cause of action against defendant in the following language:  " That at the time hereinafter stated, and for a long time prior thereto, said intestate was enfeebled in body and mind, and entirely incapacitated to transact any business of importance, especially that of deeding or giving away his property; that on or about the 10th day of October, 1334, the said defendant, taking advantage of the incapacity of said intestate, and by persuasion and undue influence, wrongfully obtained from him a large amount of money, promissory notes, mortgages, accounts and securities, of the aggregate value of sixty-four hundred and thirty-nine dollars and fifty

cents ($6,439.50) at the time they were so obtained, a more particular description of which the plaintiff is unable to ascertain or give." The petition asks to recover the possession of the property described in the petition, or, if it cannot be found, its value. The answer denies the allegations of the petition, and alleges that the defendant holds the absolute title of the property, which was transferred and delivered to him by the intestate for good and sufficient consideration.

II. A motion was made and sustained in the court below for the substitution of the record of the evidence, which was lost after the trial of the cause. This motion, and the substitution ordered by the court, were made after the appeal was taken to this court. From the action of the court below in sustaining the motion, and in making the substitution, defendant appeals. The plaintiff moves in this court to strike the evidence from the record, on the ground that it is not shown to be all the evidence, and the court below had no jurisdiction to entertain the motion, and make the substitution, for the reason that the cause had been appealed to this court, and upon another ground that need not be stated. As we reach a conclusion reversing the judgment of the court below for error in instructions given to the jury, the questions involved in the motion to strike need not be considered, for the reason that they cannot again arise upon a new trial in the court below, when the case will be again tried upon original evidence.

1. APPEAL: practice: questions which become immaterial.

III. The questions involved in the order of substitution, and proceedings upon the motion therefor, need not be considered upon plaintiff's appeal, for the same reason upon which we decline to pass upon the motion to strike.

It is not necessary to determine defendant's appeal in order to give him costs, for the reason that the facts necessary to decide the questions raised upon his appeal sufficiently appear in appellant's abstract. Plaintiff filed an amended abstract, which we do not understand was intended to present matter

necessary for the determination of his appeal, which was omitted in defendant's abstract. Plaintiff suffers no prejudice from the waiver of the consideration of his appeal, for the reason that we shall not, in the decision of the case, consider the evidence, but regard it as though it were stricken out. And, in fact, we may regard the order and action of the court in the proceedings for the substitution as in effect reversed, *pro forma*.

IV. The circuit court gave to the jury the following instruction: "12. If you find that Samuel J. Miller was of sound mind, and was a free agent, at the time he divided his notes and mortgages between his children and grandchildren, (if he did,) then that division must stand, although you may think said division was unreasonable or unfair to the grandchildren. This is on the theory that no undue influence has been shown or found. But in settling the preliminary questions as to whether or not undue influence was exercised, you may consider whether said division of property was reasonable or unreasonable, under the circumstances, and may also consider the prior declarations of the deceased as to what disposition he intended to make of his property, and the terms of the wills he may previously have executed, and what disposition of his property was made by said writings, and whether the division that was finally made was in accordance with, or contrary to, such prior declarations or writings; and in like manner you may consider the subsequent declarations of the deceased ( if any ) made after said division; and you may further consider the mental and physical condition of the deceased, and his age, at the time the division was made, together with the relationship that existed between the deceased and the defendants, and the opportunities, or want of opportunities, on the part of the defendants, to exercise an undue influence on the mind of the deceased, and their control, or want of control, over him. But these matters should be considered in connection with all the other evidence in the case, and you would

not be justified in presuming the existence of undue influence; but it must be proved, either by direct evidence, or by the circumstances in the case; and you would not be justified in finding that undue influence was exercised, from the mere fact that the division of his property by Samuel J. Miller was such as you may deem unreasonable or unjust to some of the heirs."

It is not disputed that this court will presume that evidence was before the jury to which the instructions given are applicable, even though the transcript be regarded as presenting no part of the evidence. Counsel for plaintiff well state the correct rule in the following language: "Appellant will not be heard to urge that the instructions given are not applicable to the evidence. Not having the evidence before the court for consideration, it will be presumed that there was evidence introduced to which the instructions were applicable." The appellee cannot deny that the instructions are applicable to the evidence, for the reason that he maintains the judgment of the court below on the ground that there is no error in the proceedings. A prior instruction shows the fact that defendant claims that the property was given to him by the intestate before his death, in a division thereof made by him between his children. This fact, with others stated therein, sufficiently explains the instruction, so that the rules it announces may be understood.

V. A man of sound and disposing mind may transfer his property very unreasonably, as others might esteem it, if there were no undue influence exercised to induce the transfer. As to just what is meant by the term "undue influence" we need not inquire. Redf. Wills, pp. 509, 510, § 1. It is plain that a man uninfluenced, and in the free exercise of his will and wishes, may make disposition of his property which all men would think unreasonable under the circumstances on which he acted. See *Webber v. Sullivan*, 58 Iowa, 260. It is equally plain that such a disposition cannot be considered in

*3. FRAUD: undue influence: facts not establishing: instruction.*

order to find the existence of undue influence.   The instruc-
tion requires the jury to find that there was undue influence,
if they found the disposition of the property unreasonable
under the circumstances; thus making the fact that the dis-
position was unreasonable, defeat it.   The last sentence of
the instruction is in conflict with the part we are considering.
We think this conflict tended to confuse and mislead the
jury, to defendant's prejudice.

VI.   The instruction directs the jury to consider the prior
declarations of the intestate as to his intended disposition
of his property.   But surely a man of disposing mind may
change his mind, and give his property to persons other than
those he before proposed to make the beneficiaries of his will.
Declarations showing undue influence ·are proper to be con-
sidered when the issue involves the question whether the dis-
position was induced thereby.   See *Bates v. Bates*, 27 Iowa,
110; *Stephenson v. Stephenson*, 62 Id., 163; *Parsons v.
Parsons*, 66 Id., 754; *In re Hollingsworth*, 58 Id., 526.
These cases show what declarations may be considered in
determining the existence of undue influence.   But it is
nowhere held that prior declaration of an intention contrary
to the subsequent disposition may be shown to establish
undue influence.

VII.   In our opinion, the physical condition and age of
the deceased at the time of the transaction, alone considered,
separately from the condition of his memory and other
mental faculties, are not proper matters to be considered in
determining the existence of undue influence.   One of
advanced age, and of infirm health, may possess power of
will, and such mental strength, as to be beyond undue influ-
ence.

VIII.   And we have never heard that the relationship
existing between the parties would support the claim that
one disposing of property was *unduly* influenced by his child,
or kinsman, to whom he gave it.   Indeed, if the disposition
was made on the ground of the relationship, the law will

hardly defeat it for that reason. Natural affection prompts men to give their property to those near to them by the ties of blood.

In our opinion, the instruction is erroneous upon these grounds, and ought not to have been given. Some of the instructions refused are upon points covered by the foregoing instructions. They are in accord with our views. Other questions discussed by counsel need not be considered, as the judgment must be reversed for the errors above pointed out.

REVERSED.