IN THE MATTER OF THE ESTATE OF ALICE GOLDTHORP, Deceased. JOHN R. GOLDTHORP, SARAH JANE GOLDTHORP, AND C. H. EIGHMEY, Executor, Appellees. EDWARD GOLDTHORP, Appellant.

**Will Contest:** EVIDENCE. Declarations of testator, both before and after the execution of the will, as to her feeling toward contestant, her reasons for not recognizing him in the will, legatee's influence over him and the disposition he desired to make, are admissible to show undue influence.

OPINION: EVIDENCE is not admissible to show that testator acted under the control of a legatee.

SAME. A witness who has said that testator's talk was disconnected, should be allowed to explain in what manner it was disconnected.

Personal transaction.  A contestant cannot state what testator said to him about disposing of his property, on the theory that it cannot be known until after the contest is decided whether contestant is a legatee.

Same.  Neither can he give an opinion as to sanity based on such conversations.

Same.  But he may state testator's condition, based on observation, though he may not answer a question which includes knowledge by observation and that derived from statements made to him.

Same.  And he may give testator's declarations in a conversation in which witness took no part.

Practice: admissions of party.  Statements of legatee as to the distribution of the property, made *before* the execution of the will, are inadmissible.

Statement of counsel.  Where the court holds evidence admissible, if counsel will state it to have a certain purpose, and such statement is made, it is error to exclude the evidence.

*Appeal from Dubuque District Court.*—Hon. J. L. Husted, Judge.

Saturday, April 6, 1895.

Proceeding to determine the validity of a will. Trial to jury.  Verdict for proponents.  Contestant appeals.—*Reversed.*

*W. J. Knight* and *R. W. Stewart* for appellant.

*Lyon & Lenehan* for appellees.

Kinne, J.—I.  Proponents filed for probate in the office of the clerk of the district court of Dubuque county, Iowa, an instrument purporting to be the last will and testament of Alice Goldthorp, deceased.  By the terms of said will, the testatrix gave and bequeathed unto her daughter, Sarah Jane Goldthorp, and to her son, John R. Goldthorp, in equal shares, all of her estate, real and personal, "to have and to hold the same, forever."  C. H. Eighmey was nominated in the will as

executor. Contestant, the appellant, filed exceptions
to said instrument and its probate, upon the ground
that it was not the will of deceased; that it was pro-
cured to be executed by fraud, coercion, and by undue
influence. He also averred that, at the time said will
was executed, the decedlent did not have sufficient
mental capacity to make a will. Upon the issues thus
formed, a trial to a jury was had, which resulted in a
verdict, rendered under the court's direction, that the
instrument was the last will and testament of Alice
Goldthorp, deceased.

II. Some eighty odd errors are assigned in this
record, and nearly all arise upon the rulings of the
court excluding evidence offered on behalf of contest-
ant. We can only consider in detail the most impor-
tant questions thus presented. Error is assigned upon
the rulings of the court excluding the testimony of con-
testant as to conversations had with his mother, the
decedent. The ground of objection to this proposed
testimony was that the witness was incompetent, under
the provisions of Code, section 3639, to give evidence
touching such conversations. That section provides
that "no party to any action or proceeding, nor any
person interested in the event thereof, * * * shall
be examined as a witness in regard to any personal
transaction or communication between such witness
and a person at the commencement of such exam-
ination deceased, * * * against the executor, admin-
istrator, heir at law, next of kin, assignee, lega-
tee, devisee," etc. Appellant claims that the
statute has no application to the proposed
evidence, because: *First.* Sarah and John are not
legatees until this will is probated. *Second*, That
prior to the probating of the will, it is not cer-
tain that they ever will be legatees, and hence
the testimony cannot be said to be offered against

them as such.   *Brown v. Bell*, 58 Mich. 58, 24
N. W. Rep. 824.   *Third,* That, as contestant was a
nonexpert witness, and must state the facts upon which
his opinion was based as to the unsoundness of testa-
trix's mind, it is competent evidence to show his quali-
fication to express such opinion, and is not within the
statute, unless contestant's opinion would come within
the prohibition.   In other words, the first two proposi-
tions are based upon the thought that one named in a
will as legatee is not such, within the meaning of this
statute, until the probate of the will.   We do not think
the law should be so construed.   If appellant's view is
correct, then any party to an action or proceeding, or
any one interested therein, is a competent witness to
testify against a legatee or devisee named in a will
before it is probated, but not after its probate.   We
discover nothing justifying such an interpretation of
the statute.   Under such a construction, the applica-
tion of the statute in such a case is made to depend
upon the final result of the inquiry as to the validity of
the will.   When we consider the evil the legislature
was attempting to remedy by the enactment of the law,
it seems to us clear that the proposed construction is
far-fetched and unnatural.   It may probably be
assumed that the legislature, in enacting this statute,
had in mind the rule of law as to when a will takes
effect.   We have held that, no matter when a will is
dated or published, it takes effect, or speaks, as it is
sometimes said, from the time of the testator's death
(*Lorieux v. Keller,* 5 Iowa, 201; *Stephenson v. Stephen-
son,* 64 Iowa, 537; Schouler, Wills, section 486); and we
have said that a legacy vested in the legatee at the time
of the death of the testator (*Bowen v. Evans,* 70 Iowa,
368), and that the title of a devisee vests at death of the
testator (*Otto v. Doty,* 61 Iowa, 26).   The relation of
legatee is created by the will, and under these holdings

becomes effective to vest title on the testator's death. Contestant was a person interested in the event of the litigation. He was proposing to testify as to personal conversations had with the deceased against one of the very parties whom the law protects against such testimony. We have no doubt that, so far as this contention was concerned, he was an incompetent witness. The case of *Brown v. Bell, supra,* was decided under the statute of Michigan, which is materially different from our own.

III. Nor do we think appellant's third proposition can be sustained. The theory of that claim is, that as the nonexpert witness must show to the court that he is qualified to give an opinion as to the mental condition of the decedent before he will be permitted to express his opinion, and as testimony tending to show such qualification is preliminary, only, to the main issue, he should be permitted to testify to conversations had with decedent. It should be stated here that the evidence shows that the opinion which the contestant formed as to decedent's mental condition was largely, if not wholly, based upon these conversations. It is said that an opinion is not a "transaction or communication," and hence is admissible. Though not in and of itself a "transaction or communication" had with decedent, yet, if it is in fact but the result, the outgrowth, and the conclusion arrived at from a consideration of prohibited testimony, it is not easy to see upon what ground, in view of the provisions of the statute, the qualification can be shown to give the opinion, or the opinion itself be stated, under the circumstances herein disclosed. It is said that the decedent, if living, could not dispute the testimony of contestant as to his opinion of her soundness of mind; that the testimony proposed is for the purpose of proving a fact distinct from anything said or done, inde-

pendent of any information received from the language employed. The position does not seem to us tenable. The opinion, in such a case, where it is based upon the conversations, is dependent upon the facts from which it is deduced,—the conversations. Without the conversations there could be no ground for the opinion. How, then, can the opinion be said to be a fact distinct from and independent of the conversations? Now, clearly, if decedent was alive, she could by her testimony controvert and gainsay the conversations. She might testify that no conversations took place. Where, then, under the facts shown in this record, would be the basis for the opinion? Counsel, in support of their claim, cite *Marietta v. Marietta*, 90 Iowa, 201; *Sankey v. Cook*, 82 Iowa, 125; and *Dysart v. Furrow*, 90 Iowa, 59. We need not discuss these cases. They hold that testifying to one's handwriting, when such testimony is based upon one's general knowledge, and not on the fact of seeing decedent write the signature in controversy, is not testifying to a personal transaction; and that one may make preliminary proof as to his books of account against an administrator. In such cases the testimony is not based upon conversations or transactions with the decedent. This case is, as we have seen, very different in its facts in that respect. If, as we have seen, contestant is not a competent witness to testify as to conversations had with the decedent, it follows he cannot testify to an opinion based upon testimony as to which the statute makes him an incompetent witness. See *Denning v. Butcher,* 91 Iowa, 425.

IV. Complaint is made that the court erred in excluding evidence of contestant as to decedent's mental condition, which was based upon observation

and facts, independent of any conversation or communication had with decedent. It is the law in this state that facts ascertainable from observation alone are not considered personal transactions. That contestant was a competent witness to testify to the mental condition of the decedent, in so far as his testimony was based upon his observation of decedent, her appearance, conduct, manner, and habits, there can be no doubt. *Severin v. Zack*, 55 Iowa, 728; *Parsons v. Parsons*, 66 Iowa, 754; *Meeker v. Meeker*, 74 Iowa, 352; *Sim v. Russell*, 90 Iowa, 656; *Denning v. Butcher*, 91 Iowa, 425. Before, however, he could give his opinion, he must testify to such facts as would show his competency to express an opinion. *State v. Stickley*, 41 Iowa, 236; *Parsons v. Parsons*, 66 Iowa, 759; *Denning v. Butcher, supra*. In the case last cited we held that, after the nonexpert witness stated the facts upon which or from which he proposed to give his opinion, it was for the trial court to say, in the exercise of a sound legal discretion, whether the witness had shown himself qualified to give an opinion. In view of these rules, which are not disputed, was there error in the court's ruling? It may be proper to set out a few of the questions ruled upon, viz.: *First.* "Now, I will ask you as to anything particular about her mind as to being strong or feeble, what you noticed at the time of your father's death." *Second.* "Now, beginning at the time of your father's death, I will ask you whether you noticed anything about her that indicated weakness of her mind. If so, what was it?" *Third.* "Did you notice any strange actions on her part about that time?" *Fourth.* "Now, as to her mind." Answer: "It seemed weak." This answer was stricken out. Witness testified that "she would grow more childish and weak-minded." The words "and weak-minded" were stricken out. It is difficult, if not impossible, to

say in every case what is a fact and what an opinion. *Yahn v. City of Ottumwa*, 60 Iowa, 429. If, from observation alone, the witness noticed anything about the decedent which indicated the condition of her mind as to strength or feebleness, we do not see why it does not call for a fact, and not an opinion. The forms of the questions one and two call for what the witness saw which indicated the condition of the decedent's mind. This did not call for a personal transaction or communication. Such evidence, being as to a fact, does not require that a foundation be laid preliminary to its introduction. The questions did not call for an opinion as to the soundness or unsoundness of the mind of the testator. As is said in *Smith v. Hickenbottom*, 57 Iowa, 740: "Weakness is not necessarily unsoundness." Again in *Parsons v. Parsons*, 66 Iowa, 754, it was held that the following answer, "Well, his mind was weak from this on, and he was childish all summer," was not vulnerable to a motion to strike, because relating to a personal transaction or communication, and that such evidence related to a fact. And in the same case it is said: "We think that evidence that a person acted strangely or in a childish manner are facts, and may be testified to by any one." The witness might testify from what he saw that decedent was weak physically, and in principle we see no difference between such an inquiry, whether it relates to the physical or mental organization, so long as it calls for facts ascertainable by observation alone. In view of the authorities we have cited, we think the witness should have been permitted to answer these questions. So, also, the court erred in striking out the answers above set forth. Later on in the examination, the witness was asked to state his opinion as to whether decedent was weak-minded. This opinion was properly excluded, as the question did not limit the

opinion to what he had observed, but embraced "what he knew," which might well include what he had ascertained from personal transactions and communications.

V. Complaint is made as to rulings excluding the testimony of contestant as to the control which Sarah exercised over the decedent. We think the rulings were proper. The question, as framed, called for the conclusion or opinion of the witness, not for facts. In effect, they called for the opinion of the witness as to whether the decedent was acting under the control of Sarah.

VI. It is urged that the court erred in excluding evidence of contestant as to conversations had between proponents concerning decedent's property. These conversations occurred before the execution of the will. Some of these questions did not indicate that the matter called for was relevant or material to the issue, and hence, in the absence of anything disclosing that fact, the court did not err in excluding them. As to the declarations and conversations made prior to the execution of the will, we think they were inadmissible. The declarants are not parties to this record. See *In re Ames*, 51 Iowa, 596; *Parsons v. Parsons*, 66 Iowa, 759; *Dye v. Young*, 55 Iowa, 433.

VII. Complaint is made of the exclusion of contestant's evidence as to what he heard decedent say to the proponents as to her desire touching the distribution of her estate. This appears to have related to a time prior to the execution of the will. The witness, not having taken part in the conversation, was not prohibited from testifying to such facts. These declara-

tions appear to have been made about five months prior to the execution of the will. These declarations were admissible, not as *establishing* undue influ- ence, but as touching the mental capacity of the testator, and bearing on whether the will was procured by undue influence. *Bates v. Bates*, 27 Iowa, 114; *Bever v. Spangler*, 93 Iowa, 575. That is, whether the disposition of property as made by the will was induced by undue influence. *Muir v. Miller*, 72 Iowa, 590; *In re Last Will of Hollingsworth*, 58 Iowa, 527; *Stephenson v. Stephenson*, 62 Iowa, 165. Such testimony in and of itself may have no great weight, but it is proper to be considered in connection with other evidence upon the question of undue influence.

VIII. Witness Simpson should have been per- mitted to testify in what manner the decedent's con- versation was disconnected. Such evidence was proper as tending to show the qualification of witness as a nonexpert to give an opinion. It was material as bearing upon the question of mental capacity. Several witnesses who were in no wise inter- ested in the event of the proceedings were asked as to statements made both before and after the exe- cution of the will. Some of the declarations called for were made two years prior to the exe- cution of the will; others, as long as seven years after it was made; and still others, at intervals between these times; and some of them within a few weeks of the time the will was made. They were touching her feelings toward appellant, as to how she wanted to leave her property when she died, what disposition she intended to make of her property, as to remembering appellant in her will, as to her inability to change her will because of the influence of John and Sarah, with relation to what she said about doing better by appel- lant if Sarah and John would let her, and why she had

not done better by him in her will, and not recognized appellant in it. These and many other similar questions were ruled out as being irrelevant, immaterial, and too remote from the time of the execution of the will. As to the declarations made prior to the execution of the will, they are, we think, admissible in connection with other testimony upon the question of undue influence. *Stephenson v. Stephenson,* 62 Iowa, 165; *Muir v. Miller,* 72 Iowa, 590; *Bates v. Bates,* 27 Iowa, 114; *Dye v. Young,* 55 Iowa, 435; *Canada's Appeal,* 47 Conn. 463. The proposed evidence of subsequent declarations was also admissible. Such declarations come within the rule announced in *Stephenson v. Stephenson,* 62 Iowa, 166; *Bates v. Bates,* 27 Iowa, 110; *In re Last Will of Hollingsworth,* 58 Iowa, 528; *Parsons v. Parsons,* 66 Iowa, 754.

IX. Witness Stewart was asked what she heard decedent say about seven years after the execution of the will regarding the contestant. This evidence was objected to as immaterial, incompetent, and not tending to prove mental condition at the time of making the will, or that any influence had been exercised upon decedent. The court announced he sustained the objection, unless counsel states he proposes to show declarations of deceased concerning her will; whereupon counsel so stated, and the court sustained the objection. We see no reason for this ruling. The court had, in effect, said the evidence was proper if it related to declarations of deceased concerning her will, and had invited counsel to state whether they did relate thereto; and, counsel having brought themselves within the ruling of the court, the testimony should have been received.

X. At the close of the evidence, the court, on the motion of proponents, directed a verdict in support of the will. We are not required to determine whether

this action was proper or not. It is possible in the then state of the record that no case had been made warranting the court in submitting it to the jury. However that may be, no one can say what sort of a case appellant would have made had he been permitted to introduce the evidence offered and improperly excluded. By the rulings he was not only prevented from introducing the particular evidence offered, but from following it with like competent evidence. We think the errors were material and clearly prejudicial. It must be understood that we have not specifically mentioned every case of error, but we have, we think, sufficiently indicated our views upon the main points raised so that the rulings here made may be applied to questions not treated of.

We may say that from the whole record we are impressed with the conviction that the trial court was unduly technical in many of its rulings.—*Reversed.*