In the matter of the estate of Edward Perkins, Deceased, Rebecca Perkins, Proponent, Appellant, v. M. V. Perkins, Mary Lockbridge, A. H. Perkins, Rebecca J. Weidner, and B. F. Perkins, Contestants.

Evidence: PERSONAL TRANSACTIONS WITH ONE DECEASED.  Under Code section 4604, which provides, *inter alia*, that no party interested in any suit against the executor, administrator, heir at law, next of kin, legatee, devisee, or survivor of a deceased person shall be examined as a witness in regard to any transaction with or communication to such party by said person, a widow who is a legatee in her husband's will cannot testify as to any reason he gave for not wanting to leave his property to his children.

Of ADVANCEMENTS  Where children are contesting their father's will, they may show the amount of money or property advanced to them by him prior to his death, when the proponent has testified that he made declarations of having made advancements to them.

BOOK ACCOUNT KEPT BY DECEDENT.  Where children are contesting their father's will, his account books showing advancements, made by him to them, are admissible in evidence, if they are in his handwriting, were kept by him, and fully identified.

*Appeal from Warren District Court.*—Hon. A. W. Wilkinson, Judge.

Tuesday, October 10, 1899.

This is a contest over the probate of the will of Edward Perkins, deceased.   Contestants claim that he was not of

sound mind and disposing memory at the time the will was executed, and that proponent, who is the main beneficiary under the will, procured the execution of the same by undue influence. There was a trial to a jury, resulting in a verdict and judgment for contestants, and proponent appeals.— *Reversed.*

*O. C. Brown* for appellant.

*A. A. McGarry* for appellees.

DEEMER, J.—Proponent is the widow of Edward Perkins, deceased, who died on February 19, 1897, aged seventy-four years. The contestants are the sons and daughters of deceased by a former wife. The will involved in this litigation was executed on the 15th day of February, 1897. Prior to that, but during the same year, deceased had executed other wills, which were practically the same as the one now contested. Proponent was a witness in her own behalf, and was asked this question, "State what reason your husband gave for not wanting to leave his property to his children." An objection on the ground that it was immaterial, irrelevant, and incompetent was sustained. Appellees make no question but that a testator's previous declarations are admissible in support of a will which is impeached, showing dislike or affection for the natural objects of his bounty, or for those favored by him in the alleged will. Indeed, that question is put at rest by *In re Hollingsworth's Will,* 58 Iowa, 528; *Dye v. Young,* 55 Iowa, 435; *Bates v. Bates,* 27 Iowa, 110; *Stephenson v. Stephenson,* 62 Iowa, 165, and other like cases. In support of the ruling of the trial court it is contended, however, that the evidence was inadmissible because of the provisions of section 4606 of the Code. This position is sound. While the witness is not asked directly as to what her husband said to her personally, yet that is the fair inference from the question propounded, and we should not reverse simply for the

reason that it might have referred to a statement made by others in the presence of the deceased. In support of the ruling, see *In re Brown's Estate*, 92 Iowa, 379; *Palmer v. Palmer*, 62 Iowa, 204.

II. The contestants were permitted to testify, over the objections of proponent, as to the amount of money or property advanced to them by their father prior to his death. Such evidence was admissible. *Sim v. Russell*, 90 Iowa, 656. Moreover, the proponent had testified as to certain declarations said to have been made by the deceased with reference to having made certain advancements to his children before making the will under consideration. The evidence now complained of was properly admitted in rebuttal of this statement. While it does not directly show that the deceased made no such statements, it was properly admitted as the best evidence obtainable tending to show that no such statements were made.

III. Proponent offered in evidence certain account books kept by the deceased, showing advancements made to his children, the contestants, from time to time. The entries showing these advancements were proven to have been in the handwriting of the deceased, and the books were fully identified. Objections to these entries were sustained. While it is, no doubt, true that these books of account were inadmissible, under our statutes relating to the admission of books of account, yet the entries therein made were written declarations of the deceased with reference to the disposition of some of his property before executing the will, and as such they were admissible. This is especially true in this case, for the other evidence tends very strongly to show that the reason why he did not remember his children was due to the fact that he had already made provisions for them. *Bever v. Spangler*, 93 Iowa, 576, and cases cited. These written declarations of the deceased to the effect that he had made certain advancements to his children should have been admitted in evidence for the purpose

of showing the state of his mind at the time he executed the
will. True, they may not prove that the advancements were
in fact made, but the evidence was quite material in consid-
ering the condition of the deceased's mind, and the feelings
which prompted him, at the time he made his will.

IV. Lastly, it is insisted that the verdict is not sup-
ported by the evidence. In view of a retrial, it is not our
usual custom to discuss such a question. It may not be out
of place to say, however, that, if the contestants have no
other or different evidence from that adduced upon the trial
in the district court, they will save themselves trouble and
expense by withdrawing their objections to the probate of
the will. A careful reading of all the evidence fully sat-
isfies us that the verdict has not sufficient support in the
evidence. For the errors pointed out, the judgment of the
district court is REVERSED.