IN THE MATTER OF THE WILL OF HENRY COFFMAN.

1. PRACTICE IN SUPREME COURT. The appellant moved the court below to grant a new trial, on the ground that the finding of the court was not supported by the evidence, all of which was made of record: *Held*, that the Supreme Court will review the exercise of the discretion by the court below, in overruling the motion.

2. ATTACKING WILL: ONUS PROBANDI. In impeaching a will upon the ground of testator's insanity, the onus upon the contestants.

*Appeal from Marion District Court.*

THURSDAY, DECEMBER 19.

UPON the hearing of the application to admit to probate the will of Henry Coffman, in the county court of Marion county, some of the heirs of the said Henry resisted the application, alleging as cause therefor, that at the time of making said will the testator was not of sound mind; that when it was executed, he had been sick of typhoid fever for about twenty days; that on the night previous to the execution of the same, he became suddenly worse with a hemorrhage of the lungs, one of the precursors of death in

in that disease; that Catherine Coffman, his wife, knowing the weakness of his body and mind, prevailed upon and unduly influenced said testator, by false representation, contrary to law and justice, and in opposition to his will, and before expressed intentions, to execute said last will and testament, whereby the said Catherine Coffman and his children were to receive all, or nearly all, of said testators estate, to the exclusion of the other heirs; that the said Catherine was instrumental in employing a person to write said will; that at the time it was written, she was in constant conversation with the testator, and communicated to the person who wrote the same, the amount to be bequeathed to each heir, including herself and children; that the testator was at the time he executed the same, the owner of about $6000 worth of real estate, and about $2000 worth of personal property; that the contestants were the children of the said Henry, by his first wife; that the said Catherine was his second wife; was prejudiced against the children of the first wife, and exercised an undue influence over the mind of the testator, to deprive them of their legal and just rights in his estate. After a full hearing of the matter, the county court ordered that the will be recorded and admited to probate, from which order the contestants appealed to the District Court. The judgment of the county court was reversed by the District court, and the said Catherine appeals.

*Seevers* and *Matthews* for the appellant, contended, 1. That the *onus* of showing the insanity of the testator, was upon the contestants. 2 Greenl., 689. 2. The law does not measure the size of the understanding; if a man is legally *compos mentis*, he is the disposer of his own property, and his will stands as a reason for his actions. *Odell* v. *Buck*, 21 Wend., 142; *Jackson* v. *King*, 4 Com. 216; *McDaniel's Will*, 2 J. J. Marsh, 332. 3. It is not shown that the tes-

tator's wife exercised undue influence over him when the will was executed. The undue influence sufficient to set aside a will, must be obtained by flattery, importunity, or threats constraining the testator to do against his free will, what he is unable to refuse. 2 Greenl., 688; *Harrison's Will*, 1 B. Monr., 351; 2 Barr, 388; *Stutz* v. *Shaffee*, 18 Eng. L. & E., 577; 23 Penn. S. R., 375; 26 Ib., 404; 20 Ib., 321; 17 Ala.. 55; 20 Miss., 306; 17 Geo., 364; *Small* v. *Small*, 4 Maine, 190. 4. The opinions of witnesses, other than the subscribing witnesses, as to the sanity of the testator, were improperly admitted, and should not have been considered by the court. *Poole* v. *Richardson*, 3 Mass., 330; *Ware* v. *Ware*, 8 Maine 30; *Kinne* v. *Kinne*, 9 Conn., 102; 1 Greenl., 440.

*E. W. Eastman*, of counsel for the appellee, filed a written argument, presenting points and authorities as follows;

I. The parties setting up a will or devise, are required not only to prove the making and execution of the will in the manner prescribed by law, but also the sanity and capacity of the testator, at the time the will was made. 1 Greenl. Ev., § 77; *Brooks* v. *Bennett*, 7 Pick, 98; Greenl. Cr. Tit., 38, Ch. 2, § 7, Note 1; Code of 1851, § 1277.

II. Being proved by the subscribing witness, both as to the execution and the sanity of the testator, it will be allowed, unless the party objecting disproves the facts thus established. Greenl. Cr. Tit., 38, Chap. 2, § 7, Note 1; 2 Greenl. Ev., § 689.

III. This is not a chancery proceeding. 2 Greenl. Ev. § 673; *Pelamourges* v. *Clark*, 9 Iowa, 1; *Lorieux* v. *Keller*, 5 Ib., 201.

V. Undue influence is either flattery, excessive importunity or threats, or some other mode by which dominion is acquired over the will of the testator. The testator must

be left free from undue influence. Passive memory is not sufficient; it must be active without prompting.

*J. E. Neal,* also of counsel for the appellee, contended:
1. The finding of the court below is equivelant to the verdict of a jury. 2. That it will not be reviewed in this court, for the reasons, *First,* That all of the evidence is not presented in the record. *Second,* Because the evidence does not show a manifest abuse of discretion by the court below in refusing a new trial. *Caffrey* v. *Groome,* 10 Iowa, 548, and the authorities there cited; *Byington* v. *Woodward & Ward,* 9 Ib., 360. The execution of the will must be shown by all the attesting witnesses. 2. Greenl. Ev., § 692. 4. That under the authority of *Corner & Co.* v. *Gaston,* 10 Iowa, 513, and *Warner Administrator* v. *Pace,* Ib., 391, this court cannot review the judgment of the court below.

BALDWIN, J.—This case does not fall within the rule laid down by this court in the cases of *Warner Adm.* v. *Pace,* and *Corner & Co.* v. *Gaston,* 10 Iowa, pages 391 and 513, A motion for a new trial was made and overruled. The whole of the evidence introduced upon the trial in the District court is before us, and the question is fairly presented, whether the court exercised a proper and legal discretion in refusing to grant to plaintiff a new trial.

The cause in the District Court turned upon the one question, was the testator at the time he made his will of a sound and disposing mind? It is well settled that the burden of proving the unsoundness of the mind of the testator is upon the party impeaching the validity of the will for this cause. Upon a careful review of the whole of the evidence, we are of the opinion that the contestants have signally failed in showing any such a state of mind of the testator, as would justify the court in ruling as it did. We do not propose to review the whole of the evidence and dis-

cuss it fully to show its preponderance in favor of the validity of the will. Suffice it to say that the testimony of the attending physicians, one of whom was present when the will was made, is so clear and undisputed, that we are at a loss to know upon what the court below did predicate its finding. The evidence introduced by the contestants, showing the condition of the testator's mind a day or so previous, and also a day after the making of the will, can weigh but as a feather when compared with the evidence of those present when the will was signed.

The attending physician is presumed to know the state of the mind of his patient, and when his testimony is so fully corroborated, as in this case, by that of the counselling physician and others present when the will was made, and the evidence is not impeached or contradicted, we are forced to the conclusion, that the deceased at the time possessed a sound and disposing mind.

The evidence also fails to show any improper influence exerted by the wife over the mind of the testator. The presumption, raised by the appellees, from the fact that the wife was the first one to speak of having the will made,' and from the fact of her whispering to the testator when the will was being written, are rebutted by the evidence, showing that she did so at the request of the physician, and that the will was, after it was written, read over to and by the deceased before he signed it.

Reversed.