STEPHENSON ET AL. v. STEPHENSON ET AL.

1. **Will**: SUBSCRIBING WITNESS: OPINION OF AS EVIDENCE. A subscribing witness to a will should be limited to the statement of facts, and should not be allowed to state that the purpose of the writing, and of allowing the testator to sign it, was to quiet him.

2. ———: PRACTICE IN PROBATE OF: CONTESTANTS ESTOPPED. Where the contestants of a will, in order to obtain the advantage of the opening and closing of the case to the jury, admitted that the will was properly signed and witnessed, they should not have been allowed to introduce one of the subscribing witnesses to testify, in contradiction of the statement signed by her at the end of the will, that the will was not witnessed at the request of the testator.

3. ———: UNDUE INFLUENCE: EVIDENCE: PRIOR DECLARATIONS. The declarations of the testator, made sometime prior to the execution of the will, to the effect that certain of the legatees named in the will were totally wanting in natural affection for him, were proper to be considered with other evidence, as bearing upon the question whether the execution of the will was procured by undue influence.

4. ———: ———: ———: SUBSEQUENT DECLARATIONS. The declarations of the testator made subsequent to the execution of the will, wherein he said: "I don't know anything about it; they got around me and confuddled me. It is to be done over again," *held* admissible, not as showing undue influence, but as showing the effect on his mind of whatever undue influence, if any, was used to induce him to execute the will.

5. ———: INSANITY OF TESTATOR: BURDEN OF PROOF. The burden of proof of insanity in the case of a will, equally with that of a deed or contract, is upon the party alleging it, and who claims the benefit of the fact when established.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, DECEMBER 5.

THE proponents presented for probate the last will and testament of Robert Stephenson, Sen., deceased. The contestants admitted that Robert Stephenson signed the paper purporting to be his will, and that the same was properly witnessed, but they resisted the probate of the will on the ground that it was procured by fraud and undue influence, and that the testator was of unsound mind, and incapable of

making a valid will. The issue was tried to a jury. The contestants claimed to have the burden of proof, which the court conceded. The jury returned a verdict that the paper purporting to be the last will and testament of Robert Stephenson, Sen., deceased, is not his valid will, and should not be admitted to probate. The proponents appeal.

*Miller & Goddard* and *Perry & Townsend*, for appellants.

*Tannehill & Fee* and *Vermillion & Vermillion*, for appellees.

DAY, CH. J.—I. The contestants produced as a witness Mrs. M. E. Williams, one of the subscribing witnesses to the will, and asked her the following questions: "What was your understanding of the purpose and object of making or writing out that will? At the time you signed the will what did you suppose was the purpose of the writing and allowing the old doctor to sign it?" These questions were objected to as immaterial, irrelevant and incompetent. The court ruled that the witness might answer the questions as explaining why she witnessed it, to which ruling the proponents excepted. The witness answered: "I thought it was to quiet him—quiet Dr. Stephenson." This testimony, we think, was improperly admitted. A subscribing witness should testify to facts. The purpose of the execution of a will is to make a disposition of property. It is a solemn and important act. A subscribing witness ought not to be allowed to testify that it was his understanding that it was done merely to quiet or amuse the testator.

1. WILL: subscribing witness: opinion of as evidence.

II. The witness was asked this further question: "What is your impression as to who asked you to sign the will as a witness to it?" This question was objected to for the reason that the contestants admit the execution of the will. The objection was overruled, and the witness answered: "I don't remember distinctly who did ask me, but I think it was Mr. Goddard." The witnesses

2. ———: practice in probate: contestants estopped.

to the will subscribed to a statement that R. Stephenson, Sen., "Signed the above instrument in our presence, and declared in presence of both of us that it was his last will and testament, and he requested us both to sign it as witnesses, which we do in his sight."

The contestants, in order to obtain the advantage of the opening and closing of the case, admitted that Robert Stephenson signed the paper purporting to be his will, and that the same was properly witnessed. Having obtained the advantage of this admission, the contestants should not have been permitted to introduce testimony tending to show that the will was not witnessed at the request of the testator.

III. The contestants introduced one Mrs. L. A. Bevington, who testified as follows: "I heard him say his children didn't treat him right. That was just after he was sick, about two years before he died. He said there wasn't any of his first children, or the children by his first wife, who cared anything for him, unless it was John. He believed John did." The proponents objected to this testimony as immaterial and irrelevant. The objection was overruled, and of this action the appellant complains. One ground of objection to the probate of the will was, that it was procured by the fraud and undue influence of the devisees. The testator bequeathed nearly all of his property to Thomas and John Stephenson and Mary Ann Denoon, his children by his first wife. The fact that he formerly regarded two of these legatees as lacking in affection for him, would tend to show that in some manner his feelings had undergone a change toward them, and was competent, in connection with the other testimony, upon the question of undue influence.

*3. ——: undue influence: evidence: prior declarations.*

IV. The contestants introduced Rachel Stephenson, wife of the testator, who testified that a day or two after the execution of the will "he asked me—What about that will? I said—I don't know anything about it. He says——Neither do I: They got around me and confuddled me. It is to be done over again." The proponents ob-

*4. ——: ——: subsequent declarations.*

jected to this testimony. The court held that the declarations of the testator may be received, not as showing undue influence, but as showing the effect on his mind of whatever undue influence, if any, was exerted upon him to procure him to execute the will. The ruling of the court is in harmony with and is sustained by *Bates v. Bates*, 27 Iowa, 110.

V. The court instructed the jury as follows: "A will admitted to have been executed and attested as prescribed by law (as the contestants admit in this case) will be presumed to have been made by a person of sound mind, in the absence of evidence to the contrary. But this presumption may be overcome by proof, and, if testimony has been shown in this case which counterbalances that presumption, then the burden of proof is on the proponents to establish by the weight or preponderance of the evidence that the testator was of sound mind when he executed the will."

The court refused to give the following instruction asked by the proponents: " The legal presumption is in favor of sanity, and, on the issue of sanity or insanity, the burden is upon him who asserts insanity to prove it. Hence, in a doubtful case, unless there appears a preponderance of proof of mental unsoundness, the issue should be found the other way, and in favor of the execution of the will." There is a conflict of authority as to the party upon whom rests the burden of proof as to the testamentary capacity of the testator. See Abbott's Trial Evidence, p. 113; 1 Redfield on The Law of Wills, pp. 31, 51. The true rule, as well as that established by the weight of authority, is, we think, "that the burden of the proof of insanity in the case of a will, equally with that of a deed or other contract, is upon the party alleging it, and who claims the benefit of the fact, when established." 1 Redfield on Wills, p. 32, § 4. This is the rule which has been adopted by this court. *In Matter of Will of Henry Coffman*, 12 Iowa, 491. The contestants insist that the question was determined in harmony with the court's instruc-

tion in *Bates v. Bates*, 27 Iowa, 110, (114,). It is evident, however, from an examination of the opinion in that case, that the portion of the instruction which seems to be in harmony with that given in this case was not drawn in question, and was not directly approved. In *Webber v. Sullivan*, 58 Iowa 260, it was held that the burden of proof is on the contestants to establish undue influence. The court erred in the instruction given, and in refusing the one asked.

REVERSED.