CLARENCE H. JOHNSON, Proponent, v. JOEL JOHNSON, Contestant, Appellant.

**Wills:** UNDUE INFLUENCE: EVIDENCE. In the absence of substantive evidence the circumstances are held insufficient to show undue influence in the execution of a will.

**Same:** STATEMENTS OF TESTATRIX. The statements of a testatrix that she would not have executed the will but for the harassing annoyance and importunities of her husband are not competent in proof of the exercise of undue influence, but are admissible as tending to show the state of her mind.

*Appeal from Sac District Court.*— HON. F. M. POWERS, Judge.

MONDAY, APRIL 8, 1907.

HANNAH JOHNSON died leaving her surviving a husband, Lawrence Johnson, and their two sons, Clarence H. and Joel Johnson. Her will was filed for probate March 1, 1905, and by its terms gave all her property to Clarence for use during his life and upon his death to his children.

It recited that no provision for Joel was made, "he having received his share of my property." Joel objected to the probate of the paper as the will of the deceased, on the ground that it was the result of undue influence exerted by his father upon the testatrix. The trial resulted in an order admitting the will to probate. The contestant appeals.— *Affirmed.*

*W. A. Helsell,* for appellant.

*Tait & Jackson,* for appellee.

LADD, J.— There was no substantive evidence that Lawrence Johnson, husband of the deceased, ever exerted any undue influence over her to induce the execution of the will.

1. WILLS: undue influence: evidence. That its provisions were unequal when considered with reference to those having claims on her bounty may be conceded. When equality is intended, there is little or no occasion for the execution of a will. The law wisely secures equality of distribution when a person dies intestate. Testamentary disposition of property is seldom entirely satisfactory to all having claims to consideration. The infirmities of human nature are likely to be evidenced in the last testament, voicing the dictates of affection and enmity, the partialities and dislikes of the testator while living. But to all these he had a right, and if he chose might be unjust in the disposition of his property. See *Cauffman v. Long,* 82 Pa. 72; *In re Shell's Estate,* 63 Pac. 413 (28 Colo. 167, 53 L. R. A. 387, 89 Am. St. Rep. 181). If the provisions of a will are such as a person in a like situation and similar relationship would not ordinarily make, then this may be considered by the jury in connection with evidence that undue influence has been exerted, as tending to corroborate or confirm the claim that the will is the result of such influence rather than the voluntary act of the testator. This is on the theory that the instrument is such as would be likely to be so produced. But in the absence of any evi-

dence that the testator may have been induced to insert the odious provisions or execute the will by coercion, imposition or fraud, the mere fact that the terms of the instrument are unequal is without probative force. *Manatt v. Scott,* 106 Iowa, 216; *In re Townsend's Estate,* 122 Iowa, 246.

Nor is the circumstance that the husband requested the former will of the clerk after it had been deposited with him entitled to any consideration. This did not tend to show he was urging its destruction or modification, and the fact that thereafter it was procured on the order of the testatrix indicated that he was not unduly interfering with his wife's affairs. If he accompanied her when she executed the order for the recall of the former will, and when she executed that probated , these acts were not inconsistent with his privileges as husband. Indeed, had he gone farther and talked with her concerning the provisions to be inserted, this would have furnished no proof of coercion. *Perkins v. Perkins,* 116 Iowa, 253.

That the last will differed from the one previously executed was not evidence of undue influence. *Horn v. Pullman,* 72 N. Y. 269; *Rankin v. Rankin,* 61 Mo. 295; *Nelson's Will,* 39 Minn. 204 (39 N. W. 143). But where there is evidence that undue influence has been exercised such differences are proper for consideration, as tending to show that it has been effective on the mind of the deceased. On the other hand, the similarities of the two wills may be considered as indicating a fixed purpose on the part of the testator to dispose of his property as indicated, and therefore as raising an inference that the last will was not involuntary. *Thompson v. Ash,* 99 Mo. 160 (12 S. W. 510, 17 Am. St. 552). One witness testified that the deceased declared in the presence of her husband that the will did not express her wish, that she made it to please him, that it was not as she desired it, and that to this Johnson made no reply. At most, this was a circumstance tending to impeach Johnson's testimony, and amounted to no more than an admission by a per-

son not a party to the controversy. As such it was not admissible as substantive evidence. The declaration of the testator, however, was properly received as will hereafter appear. The facts and circumstances alluded to had no direct tendency to show that undue influence in fact had been exerted on the deceased with reference to the execution of her will.

II. The only evidence other than that mentioned was given by several witnesses who testified that deceased had declared in their presence that she would not have executed the will but for the harassing annoyance and importunity of her husband and that the will was not as she desired it. It is conceded that this evidence was admissible, as tending to show the condition of the testatrix's mind, i. e., the effect which may have been wrought upon it by the influence of her husband, if any he exerted. The controversy is as to whether these declarations should be considered in determining whether the undue influence had in fact been exerted upon the deceased. There is one case at least apparently so holding on the theory that the will was not a disposition of the property until the death of the testatrix, and therefore her declarations were admissible as substantive evidence. See *Sheehan v. Kearney,* 82 Miss. 688 (35 L. R. A. 102, 21 South 41). But the great weight of authority is in harmony with the decisions of this court in holding that declarations after the execution of the will reciting what had been done are mere hearsay and are not to be regarded as evidence of the facts stated. In early case of *Bates v. Bates,* 27 Iowa, 110, this court, after citing *Waterman v. Whitney,* 11 N. Y. 157 (62 Am. Dec. 71), holding that such declarations are not competent to prove the exercise of undue influence, announced an intention to follow that case, and it was said that " upon this question there was other and important substantive testimony besides the declarations proven. These declarations were competent to be received and considered in con-

2. SAME: statements of testatrix.

nection with the substantive facts tending to establish the same issue." The distinction was also noted in *Stephenson v. Stephenson,* 62 Iowa, 163, and *Mannatt v. Scott,* 106 Iowa, 203. *In re Wiltsey's Estate,* 122 Iowa, 423, it was said was that " prior declarations of the testator are not evidence of undue influence," and *In re Townsend's Estate,* 122 Iowa, 246, the court expressly held that it was error to refuse an instruction to the effect that " evidence of the statements of the testator, made either before the will was made or after, or which tended to throw light on the condition of the mind, are admissible," but " the evidence of such statement is hearsay and incompetent and should not be considered," as tending to show that undue influence was in fact exerted. See also, *In re Townsend's Estate,* 128 Iowa, 621. This rule is universally laid down by text-writers. See Gardner on Wills, section 63; Underhill on Wills, section 161; Page on Wills, section 423; Schouler on Wills, section 244; Wigmore on Evidence, section 1738; and decisions too numerous for citation. Declarations of the testator are never received for the purpose of showing that such influence was exercised. See note to *In re Hess' Will,* 48 Minn. 504 (51 N. W. 614, 31 Am. St. Rep. 665), and 29 Am. & Eng. Ency. of Law, 117, for collection of cases.

Undoubtedly the statement of the deceased may be received as indicating his state of affections or dislike for particular persons benefited or not benefited by the will, of his inclination to obey or resist persons alleged to have exerted the influence, and, in general, his mental or emotional condition with reference to his being affected or influenced by any of the persons concerned. But as an account or recital of what in fact has occurred in the past, such evidence is no more than hearsay, and ought not to be received as tending to establish the facts related. The theory that these are admissible as declarations of party in possession of property is unsound, for they in no way tend to explain such possession or the nature of the title under which it is held.

See *Walkley v. Clarke,* 107 Iowa, 451. Ordinarily they are mere recitals of past and completed transactions having no relation to the possession of the declarant or the title under which it is held. Whether, as seems to be thought in *Sheehan v. Kearney, supra,* and by Mr. Wigmore in his work on Evidence, where evidence has been introduced tending to prove the exercise of undue influence, the fact that the testator has been unduly influenced may be considered in corroboration of such evidence is not involved in this case, for no such evidence was adduced.

It was not error to receive these declarations in evidence, for the order of proof is always very largely within the discretion of the trial court. As there was no substantive evidence, however, tending to establish the fact of undue influence, the error in striking such evidence from the record was without prejudice, as in any event the court must have directed the verdict for the defendant. The rulings are approved, and the judgment is *affirmed.*