In re Estate of Mary M. Kah.

**Wills:** UNDUE INFLUENCE: INSTRUCTION. Where the allegations of
1    a petition are that testatrix was of unsound mind, the result of illness, and was under the control and influence of the devisees, and there is no evidence tending to show such influence as would have invalidated the will had she been in full possession of all her faculties, an instruction that if she was weak minded as the result of sickness, trouble or grief so as to be easily influenced and undue influence was shown the will should be set aside, was not objectionable as authorizing the setting aside of the will without proof of mental unsoundness.

**Repetition of instructions:** A repetition of instructions, in a will contest solely on the ground of testatrix's mental capacity, with reference to those matters which may be considered in sustaining the will is not improper.

**Inconsistent declarations of testator:** INSTRUCTION. While the declarations of a testator inconsistent with a subsequent disposition of his property may be shown for some purposes, they are not to be considered in determining the fact of undue influence; and if no competent evidence of that fact is produced such declarations become immaterial and any instruction with reference to the weight to be given them is without prejudice.

**Weight of evidence:** INSTRUCTION. While it is improper for the court to instruct as to the relative weight to be given different items of evidence, it is proper to tell the jury the purpose for which evidence has been admitted, and to explain the rules governing the relative value of different classes of evidence.

**Exclusion of evidence:** HARMLESS ERROR. Refusal to admit competent evidence which in the progress of the trial becomes immaterial is harmless error.

*Appeal from Wayne District Court.*— HON. H. M. TOWNER, Judge.

THURSDAY, OCTOBER 24, 1907.

IN a proceeding for the probate of the will of Mary M. Kah, offered for probate by A. M. McDonald and wife and John Krause and wife, devisees and legatees under the will, the respective wives being the daughters of the last husband of testatrix by a former marriage, there was a contest by Maria L. Houston, a cousin of the testatrix, and her heir, on the ground that testatrix was of unsound mind when the will was executed, and that said will was procured by undue influence and fraud of said devisees. On the issues raised by this contest there was a verdict for the proponents, and from judgment that the will be admitted to probate the contestant appeals.— *Affirmed.*

*Livingston & Son,* for appellant.

*R. C. Poston* and *Miles & Steele,* for appellees.

McClain, J.— I.   On the issue as to undue influence the court instructed the jury that if they found the testatrix, at the time of the execution of the will, to have been of weak mind as the result of sickness, trouble, or grief, so as to be easily imposed upon and easily influenced, and if there was proof of circumstances establishing undue influence, then the will should be set aside, and that it was not necessary to prove absolute imbecility or incompetency of mind to sustain such finding.   Complaint is made of the instruction in which this language is used, on the ground that undue influence such as to authorize the setting aside of the will may be established without proof of mental unsoundness.   But the allegation as to undue influence was that the will was executed by the testatrix when she was of unsound mind and suffering from illness, and under the absolute control and influence of the devisees.   It is not claimed that there was error in the instruction, in so far as it referred to the effect of undue influence on the validity of the will, and there is nothing in the evidence to indicate the exercise of such undue influence as would have invalidated the will, had the testatrix been in the full possession of her mental faculties at the time the will was executed.

1. Wills: undue influence: instruction.

II.   The court in several instructions explained to the jury the tests to be applied in determining whether the testatrix had sufficient capacity to make a will, and the correctness of these instructions as statements of the law is not questioned; but it is contended that the court emphasized throughout the considerations which might be taken into account in sustaining the will in this respect, without giving equal emphasis to the considerations suggested by the evidence for setting it aside.   But, inasmuch as the whole question was one of mental capacity, we cannot see that any prejudice to the contestant resulted from

2. Repetition of instructions.

indicating what was necessary in order to constitute such mental capacity as to require that the will be sustained. The repetition of instructions with reference to what it is necessary for a party to establish may be entirely proper, in order to make the matter plain to the jury. *Buchholtz v. Radcliffe,* 129 Iowa, 27. We cannot discover in the instruction asked for the contestant, which was refused, any suggestion bearing on the question of mental soundness which was not included in the instructions given. The refused instruction itself related to what is necessary to constitute a sound and disposing mind. In following the form of presentation suggested by the instruction asked, with such further detail as was proper under the evidence, we think the court committed no error of which contestant can complain.

III. The court allowed several witnesses called by the contestant to testify as to declarations of testatrix tending to show unfriendliness and dislike on her part toward the devisees and her intentions with reference to the disposition of her property, inconsistent with those found in the will, and instructed the jury that such statements might be considered as tending to show the condition of mind of the testatrix and as bearing on the issue of undue influence; but he used in the same connection the following language, of which contestant complains: " Care should, however, be taken in considering such evidence, and too great weight should not be given to it. A person may have a feeling and express it to others with regard to her likes or dislikes toward certain of her relatives, and with regard to her intention at that time as to the disposition of her property, and this feeling may change, and her purpose and intention change, and the law will not interfere with such change, but will give it legal force and sanction. Even where this has been expressed in a will, a later will will abrogate the former, and will be given full force and effect." As to the admissibility of declarations of a testator, it is difficult to draw any very satisfactory rules from the

3. INCONSISTENT DECLARATIONS OF TESTATOR: instruction.

multitude of cases in which the question has been found to be in some way involved. Such declarations are often admissible, where the question is as to the capacity of testator to make a valid will; and they are also admissible with reference to the question of undue influence, when they tend to show that the mind of the testator was, through weakness or otherwise, particularly susceptible to the exercise of influence by others, and that a disposition made in the will was the result of undue influence, to which the testator was in fact subjected. *Bever v. Spangler,* 93 Iowa, 576; *Manatt v. Scott,* 106 Iowa, 203; *Stephenson v. Stephenson,* 62 Iowa, 163; *Johnson v. Johnson,* 134 Iowa, 33. Such declarations may also be shown, according to the great weight of authority, for the purpose of indicating the general purpose or intention of a testator with reference to the disposition of his property, as indicating that a will not in harmony therewith is open to some question as to whether it may not have been induced by other influences than those arising from the desires of the testator. In this respect evidence of declarations of the testator, indicating his dislike or distrust of those who are named as beneficiaries in his will, to the exclusion of others towards whom he would seem to have been better disposed, is entitled to some weight, for the same reason that the reasonableness of the disposition made, in view of relationship or other surrounding conditions, may be considered. *Manatt v. Scott,* 106 Iowa, 203; 3 Wigmore on Evidence, 1738 (3).

But we have uniformly held, and our holding seems to be in accordance with the weight of authority in other states, that the fact of the exercise of undue influence cannot be established by proof of the declarations of the testator, made either prior or subsequent to the execution of the will. *Johnson v. Johnson,* 134 Iowa, 33; *In re Estate of Townsend,* 128 Iowa, 621; *In re Wiltsey's Will,* 122 Iowa, 423; *Manatt v. Scott,* 106 Iowa, 203; *Muir v. Miller,* 72 Iowa, 585; 3 Wigmore on Evidence, 1738 (2). There-

fore, when the issue is as to undue influence, it is usual and proper to permit the contestant to introduce proof of declarations of testator indicating an intention with reference to the disposition of his property inconsistent with the disposition subsequently made, leaving it open for the contestant, if he can, to show the fact that undue influence was exerted. If no competent evidence of that fact is produced, then evidently the declarations become immaterial; for the testator may change his mind, or he may have seen fit to conceal his real intent and purpose from those to whom the declarations were made.

In the record before us we find no evidence of the fact of undue influence having been exercised by those who are beneficiaries under the will, and to whom contestant attributes the exercise of such influence as to have caused the testatrix to make a disposition inconsistent with her intentions and desires. In view of this state of the record, we think there was no error in the instructions with reference to the consideration to be given to the declarations proven of which contestant can complain. The court authorized the jury to give to such declarations the effect which it was proper to give to them. Indeed, it might well have been said in unequivocal terms that such declarations should not be considered in determining the fact of undue influence. It is evident that it is difficult to explain to the jury in specific terms the effect to be given by them to such declarations if proven, and we think that the court properly cautioned the jury against giving them consideration for purposes for which they were not admissible, and explained, in other portions of the instructions which are not criticised, the purposes for which they had been allowed to be shown.

While it is not proper, in general, for the court to instruct as to the relative weight of different items of evidence, it is proper, not only to tell the jury for what purposes evidence which has been admitted may be considered, but also to explain the rules of law governing the relative value of

different classes of evidence.  *Whitaker v. Parker,* 42 Iowa,

**4. WEIGHT OF EVIDENCE: instruction.**

585; *Ellis v. Republic Oil Co.,* 133 Iowa, 11; *Buford v. McGetchie,* 60 Iowa, 298. What was said in the case of *In re* Knox, 123 Iowa, 24, on this subject, had specific reference to the commendation to the attention of the jury of evidence that the will was reasonable, in view of a promise which the testator said he had previously made to the beneficiary named in the will.  It was evidenly improper in that case for the court to emphasize one circumstance, as compared with others to be taken into consideration in determining the question submitted.  But it does not follow that the court erred in this case in at least minimizing the importance of declarations which could not properly be considered as establishing the essential fact of undue influence, and in cautioning the jury not to give any other effect to such declarations than that to which they were legally entitled.

IV.  The assignments of error with reference to the admission or exclusion of evidence are disposed of by what has been said in the preceding paragraph.  Certain evidence as

**5. EXCLUSION OF EVIDENCE: harmless error.**

to declarations was excluded which should have been admitted when offered; but, in view of the ultimate failure of contestant to present any competent evidence of the fact of undue influence there was no prejudice.

In view of the entire record as made, the verdict is not contrary to the evidence, nor to the instructions of the court, and the judgment is therefore *affirmed.*