N. T. STUBBS, EXECUTOR, ET AL., v. ALLIE MARSHALL ET AL.

Decided February 17, March 24, 1909.

**1.—Evidence—Withdrawal from Jury.**

The admission of incompetent evidence is not ground for reversal where the party presenting it afterwards expressed doubts of its admissibility and asked that it be excluded and the court assented thereto.

**2.—Evidence—Objections.**

Objections to certain testimony as a whole, where only a part is objectionable, is not available for reversal. The court was not required to segregate the legitimate evidence from such as was inadmissible.

**3.—Will—Undue Influence—Declarations of Testator.**

Where upon the issue of the validity of a will independent evidence is introduced tending to show undue influence over the testator at the time of its execution, it is competent to show declarations of the testator, both before and after the execution of the will, indicating his dissatisfaction with the disposition of the property made thereby for the purpose of showing the state of his mind and the effect of the undue influence exercised upon him.

**4.—Briefs—Proposition—Charge.**

A charge which is upon the weight of evidence does not present fundamental error, and objection to it on that ground must be raised by a sufficient proposition in the brief.

**5.—Briefs—Amendment.**

A proposition not urged in the original brief cannot be presented by an amendment thereto upon the submission of the case, over the objection of opposing counsel.

**6.—Same—Notice.**

Notice to the opposing counsel on appeal of an additional authority to be relied upon on the hearing will not authorize the amendment of a brief so as to present a proposition for reversal supported by that authority but not previously urged.

**7.—Charge—Receiving Law from Court.**

There is no error in instructing the jury that they "should" receive the law from the court and be governed thereby, instead of making the direction imperative by the use of the word "must".

Appeal from the District Court of Blanco County. Tried below before Hon. Clarence Martin.

*N. T. Stubbs,* for appellants.—Plaintiff W. B. Harmon is a party at interest in this suit and should not have been permitted to testify over objections to statements by deceased nor to transactions of plaintiffs with him. Sayles' Rev. Stats., art. 2302; Ellis v. Stewart, 24 S. W., 585; Parks v. Caudle, 58 Texas, 221.

Declarations of a testator are not admissible as evidence that he was

unduly influenced in making the will, nor as evidence of the truth of the facts stated by him, but only as manifestations of his mental condition. Wetz v. Schneider, 96 S. W., 59; Kennedy v. Upshaw, 64 Texas, 411; McIntosh v. Moore, 53 S. W., 612; Schierbaum v. Schemme, 57 S. W., 526; Doherty v. Gilmore, 37 S. W., 1127.

Unless the contestants attack the will on the ground of mental incapacity of testator to execute the same, the court should not submit evidence of the declarations of testator before and after the will was executed. Wetz v. Schneider, 96 S. W., 59; Kennedy v. Upshaw, 64 Texas, 411; McIntosh v. Moore, 22 Texas Civ. App., 22; Schierbaum v. Schemme, 57 S. W., 526; Doherty v. Gilmore, 37 S. W., 1127.

[Eleventh assignment of error.]—A proposition.—The District Court erred in the concluding portion of his main charge to the jury as follows: "You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given the evidence adduced, but you should receive the law from the court and be governed thereby," which charge leaves it optional with the jury to receive the law from the court and be governed by the same instead of making it imperative for them to do so; the word "should" is improperly used in this charge; the proper word to be used in this charge is "must" instead of "should," which would make it mandatory instead of optional with the jury to receive the law from the court and be governed thereby.

*L. Koeniger* and *Will G. Barber,* for appellees.—Article 2302, Rev. Stats., has no application to this proceeding, and Harmon was competent to testify to any statement by or transaction with W. A. Kemp.; Simon v. Middleton, 112 S. W., 446; Martin v. McAdams, 87 Texas, 225; Campbell v. Barrera, 32 S. W., 724.

Where a single objection is made to a considerable amount of testimony, some of which is admissible and some not, there is no error in admitting it all, since the court is not required to segregate it. Railway Co. v. Frazier, 87 S. W., 400; Jamison v. Dooley, 98 Texas, 206; Railway Co. v. Gormley, 91 Texas, 393; Railway Co. v. Powell, 38 Texas Civ. App., 157.

Yet another complete answer is that, out of abundance of caution, all this evidence was withdrawn from the jury and not considered by it. Church v. Waggoner, 78 Texas, 202; Railway v. Stoy, 99 S. W., 137.

In all cases where there is independent, substantive evidence raising the issue of undue influence, the declarations of testator before, at time of, and after the execution of the will, are admissible to aid the jury in determining whether the will was really the spontaneous expression of the testator's free will, or whether its execution was brought about by the influence which other evidence shows was brought to bear. And these declarations, especially after execution of the will, are further proper for consideration, as rebutting the inference which might arise from failure of the testator to change the will. Johnson v. Brown, 51 Texas, 80; Campbell v. Barrera, 32 S. W., 724; Patterson v. Lamb, 21 Texas Civ. App., 512; Kennedy v. Upshaw, 66 Texas, 454; Beaubien v. Cicotte, 12 Mich., 486; Dennis v. Weeks, 51 Ga.,

24; Powers v. Powers, 78 S. W., 153; Stephenson v. Stephenson, 62 Iowa, 165; Coghill v. Kennedy (Ala.), 24 So., 470-71; Shailer v. Bumstead, 99 Mass., 126-27; Potter v. Baldwin, 133 Mass., 427; Thompson v. Ish, 99 Mo., 160; Rambler v. Tryon, 7 Serg. & R., 94; In re Goldthorp's Estate, 62 N. W., 848; Roberts v. Trawick, 52 Am. Dec., 165; Kirkpatrick v. Jenkins, 33 S. W., 819; Parsons v. Parsons, 66 Iowa, 754.

RICE, Associate Justice.—This is an appeal from a judgment in favor of appellees in a suit brought by them to contest the will of W. A. Kemp, deceased, and to set aside a judgment of the County Court of Blanco County, probating the same, on the ground of undue influence alleged to have been exercised over the testator by his wife Nan A. Kemp, the sole legatee and beneficiary thereunder.

This is the second appeal in this case (48 Texas Civ. App., 158), but as the first appeal involved only the correctness of a judgment with reference to questions of practice, upon which no question arises here, it will not be necessary to further consider the same. .

The first error assigned, which is raised by the fourth and fifth assignments, is that the court erred in permitting W. B. Harmon, the father of the minor plaintiffs, who as their next friend brought this suit, and Vernie Harmon, one of the minor plaintiffs, to testify over defendants' objection to certain statements by and transactions he and his daughter had with the testator prior to, about the time of, and subsequent to the execution of the will in controversy, asserting by their propositions thereunder that parties at interest, as provided by article 2302 of the Revised Civil Statutes, are, in cases like the present, forbidden to testify over objection to statements by and transactions had with the deceased. Pretermitting a discussion as to whether or not the plaintiffs in this case would fall within the inhibition of the statute, we do not believe that their contention, as shown by the record, can be sustained, because it appears from the recitations of the bill and the explanations thereof made by the court that during the progress of the trial counsel for appellees in open court, and in the presence of the 'jury, after the introduction of the testimony complained of, expressed a doubt as to its admissibility and asked the court to exclude it and direct the jury not to consider said evidence; whereupon the court assented and said, "All right." And upon this question again being presented on motion for new trial each of the jurors were called before the court and testified that they understood the court to have withdrawn said testimony, and that they did not consider the same in arriving at their verdict. Even if it was error to have admitted it in the first instance, we think the action of the court, as shown by the record, rendered the same harmless. (Church v. Waggoner, 78 Texas, 202; Galveston, H. & S. A. Ry. Co. v. Stoy, 44 Texas Civ. App., 448.) It likewise appears from the record that much of what was testified to in this connection was legitimate evidence and did not infringe upon the rule invoked; and it has been often held that where a single objection is made to testimony, some of which is admissible and some not, there is no error in admitting it all, because the court is not required to segregate the legitimate evi-

dence from such as is inadmissible. (St. Louis S. W. Ry. Co. of Texas v. Frazier, 87 S. W., 400; Jameson v. Dooley, 98 Texas, 206; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393; Texas C. Ry. Co. v. Powell, 38 Texas Civ. App., 157.)  For which reasons both of said assignments are overruled.

As the sixth, seventh and eighth assignments of error challenge the correctness of the ruling of the trial court in admitting certain evidence given by Rose and wife relative to certain conversations and occurrences had between testator and his wife, as well as certain statements made by testator, tending to show that the will was procured by undue influence exercised by Mrs. Nan A. Kemp over the testator, they will be considered together.

The record discloses that W. A. Kemp, the testator, had been married three times; that Mrs. Marshall, one of the plaintiffs, was a daughter of the first marriage, and that the minor plaintiffs were children of a deceased daughter, a sister of Mrs. Marshall; that prior to his marriage to Nan A. Kemp he had made a will devising his property to Mrs. Marshall and her sister, Mrs. Harmon, mother of the minor plaintiffs, but that a short time after his marriage with the said Mrs. Kemp another will had been made in which the property was equally divided between his said two daughters and Mrs. Kemp; and it is shown by the bill of exceptions taken to the ruling of the court complained of under these assignments, that the said witness Rose was permitted, over appellants' objection, to testify that after Mrs. Harmon's death he heard testator and Nan A. Kemp, his wife, talking about making a will and saying things ought to be changed from what they were.  That he said that the will that he had made (meaning the former will) ought to be the right one; that he had heard this talk more than once; that testator said he thought the will ought to be let stand like it was (meaning the will in which his two daughters were given equal portions with Mrs. Kemp).  "That when his wife would threaten to go back to Tennessee if he did not change his will (meaning the former one) he sometimes would say he would not do it and sometimes would say he would.  With reference to whether after the will in controversy was made he ever talked to me about it—as to being satisfied or dissatisfied with it—he said it did not suit him.  That a few days before he died he stated that he was going to die."  Witness tried to get him not to talk about it, but he said he would be better satisfied if he knew his children would get something of what he had left.

Mrs. Rose, likewise over objection, was allowed to testify to matters of like import.

Appellees insist by counter-propositions that in cases where there is independent and substantive evidence raising the issue of undue influence, that then the declarations of the testator before, at the time of and after the execution of the will are admissible to aid the jury in determining whether the will was really the spontaneous expression of the testator's free will, or whether its execution was brought about by the influence which other evidence showed was brought to bear, and that such declarations, especially after the execution of a will, are

properly admissible as rebutting the inference which may arise from the failure of the testator to change the will. The authorities cited by counsel for appellees seem to sustain his contention in this respect.

Where a will is charged to have been procured by undue influence, the law seems to be settled that where there is independent evidence showing, or tending to show, the exercise of undue influence over and upon the mind of the testator at the time the will is executed, then it becomes competent, for the purpose of showing whether he was probably influenced, or what in fact was the status of his mind at the time, to show his declarations and statements relative to it in order to illustrate the question as to whether he was in fact influenced thereby. In the present case there was testimony sufficient to raise the issue that undue influence had been exercised over the mind of the testator in order to procure the execution of the will in question, outside and independent of any declaration made by him. This being true, it seems to us that it was competent to show his declarations, both before and after the execution of the will, bearing upon the question as to whether or not he was moved to execute it by reason of such influence.

In Campbell v. Barrera, 32 S. W., 724, the declarations of the testatrix were held admissible for the purposes named. The same doctrine is also held in Johnson v. Brown, 51 Texas, 80; Kennedy v. Upshaw, 66 Texas, 454; Patterson v. Lamb, 21 Texas Civ. App., 512. The contrary doctrine was not held in Wetz v. Schneider, 96 S. W., 59, as contended for by appellants, because in that case there was no independent evidence showing the actual exercise of the undue influence, as in the present.

As illustrative of the correctness of the rule followed by the trial court in the admission of this evidence, we quote from appellees' brief citations from the following cases: "I have done something I ought not to have done; I have made a will and did not make it as I wanted to. I know I did wrong, but I could not help it." (Dennis v. Weeks, 51 Ga., 24.)

"I don't know anything about it; they got around me and confuddled me. It is to be done over again. (Stephenson v. Stephenson, 62 Iowa, 165.)"

In Beaubien v. Cicotte, 12 Mich., 486, where the testator willed all to his wife, on issue of undue influence it was held competent to show declarations "shortly before his death in which deceased expressed regret at having married, and stated that he was not master at home; that he was afraid of his wife and was compelled to submit to her demands, or otherwise there would be trouble in the house."

In Shailer v. Bumstead, 99 Mass., 126-7, declarations subsequent to the execution of the will, showing dissatisfaction therewith, were held competent to rebut any inference arising from the non-revocation thereof.

In Powers v. Powers, 78 S. W., 153, where undue influence by the wife was alleged as inducing testator to disinherit her sons, the statement was by testator that he had to do it "to keep down hell at home."

In Roberts v. Trawick, 17 Ala., 55, it was held competent to show that two or three weeks before the will was executed witness found the

wife in presence of the husband crying, and the latter remarked: "All I can hear from some people is, 'A will, a will,' but the laws of Alabama make a better will than I or anybody else can make."

In Parsons v. Parsons, 66 Iowa, 754, testator's declaration, "If it was to do over again I would make an equal division of my property," was held admissible. And in Rambler v. Tryon, 7 Serg. & R., 94, it was held admissible to show that testator had said: "His wife and father plagued him to go to Lebanon—that they wanted him to give her all or he would have no rest—that he did not want to go to Lebanon."

Believing that this evidence was admissible, these assignments are overruled.

Appellants' ninth and tenth assignments of error urge that the court erred in that portion of its charge as follows: "There has been submitted to you evidence of the conduct and declarations of W. A. Kemp, deceased, before and after the will in controversy herein was executed, and I charge that such evidence was submitted to you solely for the purpose of throwing light upon his mind at the time and after said will was executed, if it does throw such light. Such evidence is not admissible to prove the actual fact of undue influence being exercised upon W. A. Kemp, deceased, in making said will, but competent to establish the influence and effect of external acts, if any are shown, upon the mind of W. A. Kemp, deceased, in making said will," because, in effect, they contend that the only issue in the case was undue influence alleged to have been exercised by defendant upon W. A. Kemp in making the will in controversy, and that the mental capacity of said Kemp to make the same was not in question; therefore his declarations before and after the execution of the will should not have been submitted to the jury for any purpose.

None of the propositions under this assignment complain of said charge as being upon the weight of evidence, but the fourth proposition in appellant's brief complains of the charge because it tells the jury that the declarations of the testator are competent to establish the influence and effect of the supposed undue influence. This proposition does not raise the question that the charge is upon the weight of evidence, nor is it elsewhere raised by an appropriate proposition. However, counsel for appellants on the 19th of January, the day before the case was set down for submission, filed in this court an amendment to their brief, in which this additional proposition is urged under these assignments, to wit: "Proposition 6: The action of the court in the charge complained of in this assignment of error, in telling the jury that evidence of the conduct and declarations of W. A. Kemp, deceased, before and after the will in controversy herein was executed, while not admissible to prove the actual fact of undue influence being exercised upon W. A. Kemp, deceased, in making said will, were competent to establish the influence and effect of external acts upon the mind of said Kemp in making the will, was a charge upon the weight of evidence and an unwarranted interference by the court with the province of the jury in considering such evidence." Citing in support of their contention the case of Hart v. Hart, 110 S. W., 91.

The consent of the court was not obtained to the filing of this

amendment to their brief, and while it is true that it recites that on the 15th day of January, 1909, they made known to counsel for appellee that the additional authority, to wit: Hart v. Hart, supra, would be cited and relied upon by them, yet it is not claimed in said amended brief, or otherwise, that any notice was given to counsel for appellee that an additional proposition would be filed and relied upon by them. The fact that the supplemental brief was filed and contained this additional proposition was called to the attention of counsel for appellee for the first time during the discussion of the case on the day of submission, whereupon he made a motion that the same be stricken out and not considered, 1st, because the same was filed without any leave of the court so to do; 2nd, because said additional brief sets up and urges a new and independent proposition under their ninth and tenth assignments of error, and for the first time urges that the charge of the court complained of is upon the weight of the evidence; 3rd, not having attacked said charge upon the ground that the same was upon the weight of evidence, appellants waived that ground of criticism thereof, and can not afterwards retract said waiver over objection of appellees; 4th, that proposition six in supplemental brief should not be considered, because the point therein raised was not fairly presented in proposition four of the original brief, the same being so general and indefinite as to constitute no basis therefor.

It seems that in Hart v. Hart, supra, a similar instruction to the one under consideration was held as being upon the weight of evidence, but in that case a direct attack was properly made in the first instance in the brief upon the charge that it was upon the weight of evidence. The charge as given was not, in our judgment, fundamental error, and no objection that it was a charge upon the weight of evidence was ever made until in the amended brief, as above shown, and this was done upon the submission of the case and over the objection of counsel for appellees. Supreme Court Rule 38, with reference to the amendment of briefs, which also applies to this court, provides: "Such brief may be amended by a citation of additional authorities to the respective points or propositions made in it, which must be filed in the Supreme Court and notice of it given to the counsel for the opposite party, if in attendance, one day before the case is called. No other amendment to the brief shall be allowed by the court, unless it is or can be done without injustice or unreasonable inconvenience being thereby imposed on the other party."

We are inclined to believe that under the rule cited and the circumstances shown in connection therewith the amendment in question should not be allowed. It is true that the amendment suggests that counsel for appellee had notice of the fact that the authority cited in the brief would be relied upon, but had notice of no other amendment being desired, so that the amendment, incorporating into the brief for appellants an entirely new and distinct proposition, pointing out an error not theretofore noticed nor relied upon, on the eve of submission, as was done in this case, ought not to be permitted over appellee's objection, because to do so would, in our judgment, work injustice and occasion unreasonable inconvenience to the opposite party,

and it is inhibited by the rule quoted; and as the error complained of is not fundamental, we think that these assignments should be overruled.

We overrule the eleventh assignment of error because, in our opinion, the objection is hypercritical and without merit.

The remaining assignments urge the insufficiency of the evidence to support the verdict. While it is conflicting, still there is ample evidence in the record to support the verdict of the jury; and, in view of the fact that the trial judge has seen fit to sanction it, he having a better opportunity to pass upon this question than we, we are not disposed to disturb it.

Finding no error in the record that would justify a reversal of the judgment in this case, the same is affirmed.

#### OPINION ON MOTION FOR ADDITIONAL FINDINGS OF FACT.

Since the original opinion was handed down, appellants have presented a motion requesting that we amend same by filing additional findings of fact in connection with our ruling on the questions involved in their ninth and tenth assignments of error, so far as relates to the filing of their amended brief herein, and in justice to them we have concluded to file the following additional findings, to wit:

1. That while the consent of the court was not obtained to the filing of the amendment to their brief by appellants, still, it is true, as admitted by counsel for appellee in open court, that on the 15th of January, 1909, they notified him that the additional authority of Hart v. Hart, 110 S. W., 91, would be cited and relied upon by them in said amended brief.

2. And that while appellants at the hearing claimed the right to file their amended brief as a matter of right, they, in answer to appellee's motion to strike out their said amended brief, asked formal leave of the court to file the same, and this request, together with the motion to strike out, was submitted in connection with the submission of the main case, the court remarking at the time that they would reserve the right to pass upon all the questions so raised in a consideration of the main case.

3. In connection with the question as to the filing of said amended brief, it is also proper to state that this case was first set down for submission on the 20th day of January, 1909, and that appellees did not file their briefs in said cause until that day.

With these additional findings our former ruling upon this subject is adhered to.

*Affirmed.*

Writ of error refused.