### WAID v. MILLS et al. (No. 9168.)

Court of Civil Appeals of Texas. Galveston. June 14, 1928.

Rehearing Denied July 12, 1928.

**1. Appeal and error ⟾758(2)—Brief and record, not containing order striking appellant's evidence, nor bill of exceptions thereto, cannot be considered.**

Appellant's original brief and supporting record, not containing order striking out all his evidence, nor any bill of exceptions thereto, cannot be .considered.

**2. Appeal and error ⟾763—Supplemental brief, tendering new propositions and claiming fundamental error in order, first mentioned in appellees' brief, striking out appellant's evidence, cannot be considered (Court of Civil Appeals Rule 38).**

Appellant's supplemental and reply brief, tendering new propositions not based on assignments of error or bills of exception in record

and claiming fundamental error in striking out all his evidence in answer to appellees' brief, which first referred to such order, cannot be considered; not being amendment authorized by Court of Civil Appeals Rule 38.

**3. Appeal and error ⟾719(6)—Order striking out all of plaintiff's evidence in trespass to try title held not fundamental error.**

Order striking out all of plaintiff's evidence in trespass to try title *held* not fundamental error entitled. to consideration without assignment, especially where there was much other evidence, and court found that defendants had shown title in themselves and that there was a fatal hiatus in that claimed by plaintiff; only method of determining whether such action was prejudicial to plaintiff being to go through entire statement of facts.

**4. Appeal and error ⟾672—Where trial court had jurisdiction and power to render judgment under pleadings, and appellate court cannot say that appellant was prejudiced without examining entire statement of facts, no fundamental error appears.**

Where trial court had jurisdiction of parties and controversy and power to render judgment appealed from under pleadings, and appellate court cannot say that any action prejudicial to appellant's rights was taken without going through entire statement of facts, no fundamental error entitled to consideration without assignment appears.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Trespass to try title by A. C. Waid against V. W. Mills and another; in which defendants filed a cross-action. Judgment for defendants, and plaintiff appeals. Affirmed.

Hill & Harvey, of Houston, for appellant.
Austin Y. Bryan, Jr., of Houston, for appellees.

GRAVES, J. The appellees concede that the general statement made by appellant in his original brief filed in this cause April 13, 1928, is substantially correct as far as it goes, to wit:

"Appellant, plaintiff in the trial court, sued V. W. Mills and the Land Title & Trust Company, a corporation, defendants, in trespass to try title, for lots 92, 93, 106, 107, and 108 of Magnolia Gardens subdivision out of the W. S. Norvell survey, abstract No. 602 in Harris county, Tex.; his petition being in the usual form. Appellees answered by general demurrer, general denial, pleas of not guilty, and specially: (a) Ownership of the land since 1919—that the basis of their title was a judgment in cause No. 75537, which could not be collaterally attacked. (b) The three-year statute of limitation—that plaintiff's cause of action is to set aside said judgment, and that such cause of action is barred by the four-year statute of limitation. (c) Innocent purchaser—alleging that the said judgment was fair upon its face; that appellee and those through whom they claim bought without any notice of any defects, paid a full and fair price therefor; that plaintiff had shown no in-

terest in the land for ten years, that he had not paid taxes thereon, and held out·to the defendants and to the world that he was satisfied with the judgment and sheriff's deed conveying the land to the defendants' predecessor in title, and that plaintiff was estopped.  (d) That the Commonwealth Land & Investment Company bought said land at sheriff's sale without notice of defects, for a valuable consideration, and that V. W. Mills also bought the land for a valuable consideration without notice.  (e) That they paid $100 for the land, which represented taxes, etc.; that by their purchase they became subrogated to the state's tax lien, etc.; that by their purchase they became subrogated to the state's lien; and that, if plaintiff recovered, defendant be repaid said sum of $100 and interest; and prayed that plaintiff take nothing, etc.

"Appellant, by supplemental petition,·answered said cross-action generally, and offered to do equity.

"Trial was had before the court, who rendered judgment that. appellant take nothing and that appellee Mills, recover title and possession ·of the land, to which judgment appellant duly excepted, and a motion for new trial was filed, which was overruled, and notice of appeal given.  At the request of appellant, the court filed his findings of fact and conclusions of law.  Appellant filed and brought up a statement of facts, and the cause is now before this court for review on transcript and statement of facts."

Appellees then add the following statement in their brief filed here May 3, 1928:

"That, in the trial of said case, the court tried same by admitting all the evidence or testimony offered by either party, taking same subject to the objections and exceptions either party desired to interpose to any particular piece of evidence or testimony either side introduced, by the other side.  That, at the end of the trial of said case, upon motion of appellee, the trial court struck out all of the evidence introduced by appellant in its entirety, and overruled objections of appellant to testimony introduced by appellees, and thereupon proceeded to consider the case on the evidence remaining in the record."

[1] Appellant's original brief, conformably to the closing recitation in the statement of it above quoted that "the cause is now before this court for review on transcript and statement of facts," undertakes to present the cause here upon assignments and propositions which completely ignore the fact to which the appellees' brief has referred; that is, that the trial court struck out all the evidence offered by the appellant in his claim of title below, and treats the appeal as if the evidence he so presented in·the trial court was properly before this court, since it is contained in the statement of facts, making no reference whatever to the fact that the trial court had stricken it out, and bringing up no bill of exceptions showing that fact.

The appellees make vigorous objections to this court's considering the brief, for that, among other reasons, asserting that'they nev-

·er knew the transcript filed by appellant in this court did not contain the order of the trial court striking out appellant's evidence or any bill of exceptions taken thereto until appellant's brief upon the appeal was presented to them.

Appellant's transcript upon the appeal filed here December 12, 1927, contains neither the order striking out all his evidence nor any bill of exceptions to that action.  In other words, appellant's original brief assumes that the evidence he offered was considered by the trial court, and contends that under it he was entitled to a judgment for the land,·neither informing this court that it was all stricken out below, nor attacking that order in any way.  Subsequent to the filing of it here, this court, under an agreement between the parties and termed by them a supplemental transcript, filed here on May 3, 1928, has been informed of the fact that it was so stricken out below, as well as of appellant's exception to that order.  The same facts are also made to appear through the writ of certiorari granted by this court on the 26th day of April, 1928, on appellees' motion.  Submission of the cause was taken on May 3, 1928.

It is obvious, therefore, that this brief, and the supporting record brought up with it, sustain no relation to the actual case thus now shown to be before this court, hence cannot be considered ; nor would it get us anywhere toward determining what is in fact before us, if it could be.

[2] Thereupon, on May 10, 1928, seven days after the submission of the cause in this court, appellant filed here what is termed his "supplemental and reply brief," in which he not only tenders for the first time new propositions for a reversal not based on any·assignments of error or bills of exception appearing in the record, but further essays to answer the brief for appellees of May 3, 1928, the date of the submission, claiming as fundamental error the action of the trial court in so striking out his entire chain of title and then rendering judgment in favor of the appellees for the land involved.

The appellees again make objection to our consideration of this amended or supplemental brief, upon the ground that it is not such an amendment of the original brief as is authorized by rule 38 for the Courts of Civil Appeals, and that its consideration at this late date would cause them to suffer material injury, in that they have been afforded neither time nor opportunity to defend the cause in this court against the matters thereby injected into it.

Under the facts already stated, the objection is good and must be sustained.  Stubbs v. Marshall, 54 Tex. Civ. App. 526, 117 S. W. 1030, writ of error denied by the Supreme Court ; Greene Gold-Silver Co. v. Silbert (Tex. Civ. App.) 158 S. W. 803.

**[3, 4]** Neither is the question so sought to be raised one of fundamental error entitling it to consideration without an assignment, because, plainly under the circumstances, the only method of determining whether or not the action taken was prejudicial to any right of appellant would be for this court to go through the entire statement of facts. The rule on this subject, expressly approved by the Supreme Court through the Commission of Appeals in Ford & Damon v. Flewellen, 276 S. W. 903, was thus stated by this court in Ford & Damon v. Flewellen, 264 S. W. at page 602, column 2:

"There is therefore nothing for this court to review, unless the record discloses some fundamental error, of which cognizance should be taken without an assignment. There is none; the trial court had jurisdiction of the parties and of the controversy; the judgment is one it had the power to render under the pleadings; and this court, without going through the entire statement of facts, is unable to say that any action prejudicial to the rights of appellants was taken. In such circumstances our Supreme Court has uniformly held that no error of law apparent upon the record appears, and that a Court of Civil Appeals is not required to hunt through the statement of facts. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85."

That rule is peculiarly applicable here, because there was much other evidence than that tendered by appellant; indeed, among its above-mentioned findings of fact as based thereon, following others to the effect that the appellees had shown title in themselves to the land, was this affirmative declaration that there was a fatal hiatus in that claimed by appellant:

"(6) I find that plaintiff's asserted claim of title has no connection with the sovereign and is derived from a source which had no title to the above property, and, there being no other facts to sustain plaintiff's claim of title, judgment is rendered for defendant and cross-plaintiff V. W. Mills."

Upon the case as a whole in the state of the record as presented to this court, it appears that appellant, perhaps through some misapprehension upon his counsel's part, has not properly raised the only question the result of the trial below left open to him (that is, whether or not the court erred in striking out the evidence he offered in support of his claim of title); so that, there being doubt neither as to jurisdiction over subject-matter or parties, nor as to power under the pleadings to render the judgment entered, and there being unchallenged findings of fact from other evidence actually received, nothing other than an affirmance can be ordered here. That will accordingly be done.

Affirmed.